ROBERT S. HOLLAND v. MARY ELLEN NIMITZ ET AL.

No. 3452.  Decided March 15, 1922.

(232 S. W., 298;  239 S. W., 185.)

### 1.—Evidence—Statute—Transactions with Decedent—Will.

In an action for probating a will an heir contesting its validity cannot be permitted to testify to opinion as to sanity of testator, though restricting such opinion, by the form of the question and answer, to results of observation of acts, conduct and physical condition of the testator, and not basing it on conversations with or statements made by him.  Opinion based on such matters is still testimony of a party as to transactions with testator, within the terms and meaning of article 3690, Revised Statutes, 1911, forbidding same.    (Pp. 423-425).

### 2.—Jurisdiction of Supreme Court—Statute—Conflicting Decisions.

Where the Supreme Court acquires jurisdiction over a case reversed and remanded by reason of rulings on the effect of a statute or of conflicting decisions, its jurisdiction is not limited, by the Act of March 15, 1917, to determination of the question which gave it jurisdiction.  It is the case, not merely the question, which it is to decide; and it has power to determine any question properly presented which is necessary to a determination of the correctness of the judgment involved.  (P. 430).

### 3.—Same—Statutes and Decisions Thereon Reviewed.

Reviewing the legislation in regard to the jurisdiction of the Supreme Court and the decisions under the various statutes (Constitution, Amendment adopted September 22, 1891;  Act of April 13, 1892;  Laws, 22d Leg., p. 19, and rulings thereunder:  City of Austin v. Nalle, 85 Texas, 538;  Texas & P. Ry. Co. v. Webb, 102 Texas, 215;  Wheeler v. Tyler Southeastern Ry. Co., 91 Texas, 356;  Act of March 28, 1913, Laws, 33d Leg., p. 107, and rulings in Browder v. Memphis Ind. Sch. Dist., 107 Texas, 536;  Texas City Transp. Co. v. Winters, 224 S. W., 1087;  Act of March 15, 1917, Laws, 35th Leg., p. 140;  Decker v. Kirlicks, 110 Texas, 95;  Southern Pac. Co. v. Walters, 110 Texas, 497) it is held that the Act of 1917, like that of 1892, and unlike that of 1913, did not restrict the power of the Supreme Court, on writ of error, to determining the questions only on which the jurisdiction was obtained.  (Pp. 425-431).

### 4.—Same—Error Not Assigned in Supreme Court.

While the Supreme Court will not consider even fundamental error not assigned by the plaintiff in error, it will necessarily consider all questions properly presented by the party prevailing in the Court of Civil Appeals, or fundamental error against him not so presented, though not assigned in the Supreme Court, where a decision of such questions is necessary in order to determine whether the judgment rendered by such appellate court was correct.  (Pp. 431, 432).

### 5.—Supreme Court—Jurisdiction.

Where jurisdiction of the Supreme Court is obtained under either of subdivision 1 to 5 of section 1 of the Act of March 15, 1917, the case, and not the particular question is before the court.  And the same is true in cases under subdivision 6 (cases important to the jurisprudence of the State) except in cases in which the Supreme Court, in the discretion given it by that paragraph, grants the writ "for the purpose of revising the decision upon such question alone."  (Pp. 429, 431).

6.—Evidence—Immaterial Testimony.

Where the issue on contested probate of a will is only as to testamentary capacity and undue influence upon the testator, evidence offered by the contestant that the proponent's wife was unkind to and neglected the testator was immaterial to the issues involved and its exclusion was no ground for reversal.   (P. 431).

7.—Evidence—Statute—Transactions with Decedent—Will.

On the issue of undue influence over the testatrix by the devisee, proponent of a will for probate, his testimony that he did not at any time say anything to testatrix with reference to making a will was improperly admitted.   The statute, article 3690, prohibits negative as well as positive testimony by a party as to transactions with deceased.   (Pp. 432, 433).

8.—Same—Cases Discussed.

McCampbell v. Henderson, 50 Texas, 613;  Johnson v. Lockhart, 40 S. W., 641;  Edelstein v. Brown, 95 S. W., 1128;  folowed.   Adam v. Sanger, 77 S. W., 954, disapproved, and refusal of writ of error explained.   (P. 433).

Error to the Court of Civil Appeals for the Third District, in an appeal from Tom Green County.

Robert S. Holland applied for probate of the will of his mother. It was contested by Mrs. Nimitz and others, co-heirs of decedent. The will was admitted to probate in the County Court, and, on appeal by contestants, in the District Court.   Contestants prosecuted appeal on which the Court of Civil Appeals rendered judgment reversing and remanding the case (217 S. W., 244) and Holland obtained writ of error.   The case being referred to the Commission of Appeals, Section A, was by them recommended for affirmance; and this was adopted as the judgment of the Supreme Court.   On motion for rehearing there the judgment of reversal and remand is affirmed, but on other grounds than those assigned by the Court of Civil Appeals and, in part, from those of the Commission.

*Critz & Woodward* and *Blanks, Collins & Jackson* for plaintiff in error, with whom Mr. *J. T. Thomson* was on brief in the Court of Civil Appeals.

The court did not err in refusing to permit Mrs. Mamie Nimitz to state that, in her opinion, her mother was mentally incompetent at the time of the execution of her will, for the reason that such witness, being one of the contestants of the will, was prohibited by the terms of Article 3690 from testifying.   Brown v. Mitchell, 75 Texas, 9; Lewis v. Aylott, 45 Texas, 201; Clark v. Briley, 193 S. W., 419; Leahy v. Timon, 204 S. W., 1029; Trowbridge v. Stone, Admtr., 26 S. E., 365; Esyaman's Will, (N. Y.) 20 N. E., 617; Davis v. Tarver, 65 Ala., 98; Brainard v. Brainard (Ill.) 103 N. E., 50; Campbell v. Akarman, 83 Atl., 881; Holcomb v. Holcomb, 95 N. Y., 316.

The terms of Article 3690, excluding the evidence of an interested witness as to statements made by or transactions with a deceased

person, are sufficiently comprehensive to exclude the opinion of such a witness as to the sanity or insanity of the testator, although predicated alone upon his observation of the acts, conduct and general appearance of such person.

Mrs. Holland was not a party to the suit and there were no pleadings which could warrant the introduction of any evidence showing or tending to show that she had conspired or confederated with her husband or anyone else to improperly influence her mother-in-law, and we respectfully submit that under such a condition of the record it would have been highly improper for the court to have permitted any attack upon Mrs. Holland or the introduction of any evidence which would reflect upon her treatment of her deceased mother-in-law.

Complaint is made of the action of the court in permitting the proponent to testify that he never said anything to his mother with reference to making a will. We understand the rule to be that such negative testimony is not held to fall within the terms of Art. 3690. Mast v. Tibbles, 60 Texas, 305; Potter v. Wheat, 53 Texas, 401; Adam v. Sanger, 77 S. W., 954.

The following authorities support the proposition that where there is no evidence of the mental incapacity of a testator, except the opinions of witnesses, whether they be experts or non-experts, and the subscribing witnesses, attending physician, and intimate acquaintances, who came in daily contract with the testator, all testify that he was of sound mind, no issue is presented for the jury, and a verdict should be instructed for the proponents of the will. In Re Bartels Estate, 164 S. W., 859; Navarro v. Garcia, 172 S. W., 723; Hahn v. Hammerstein (Mo.) 198 S. W., 833; Winn v. Grier, (Mo.) 117 S. W., 48; Blackman v. Andrews, 114 N. W., 218; Wilcoxon v. Wilcoxon, 46 N. E., 369; Byrne v. Byrne, (Mo.) 181 S. W., 391; Cyc. Vol. 40, p. 1321; Burley v. McGough, 3 N. E. 738; Alexander on Wills, p. 512; In Re Watson, 31 La. Ann., 757; Dobie v. Armstrong, 55 N. E., 302; Ivison v. Ivison., 80 N. Y. Supp., 1011; In Re Richmonds Estate, 55 Atl., 970; Ward v. Brown, 44 S. E., 488; Artrip v. Rasnake, 31 S. E., 4; Dec. Dig. Vol. 8, Nos. 553-568, and 571, (2);

*Wright & Harris*, for defendant in error.

Mrs. Mamie Nimitz, testified that she was the daughter of the deceased, Mrs. Susan E. Holland, and that she had known her mother all her life and been with her a great part of her life, and was with her during her last illness, and saw her on or about the 10th day of July, 1914, and date of the making of the alleged will, and had seen her and stayed with her a large part of the time from the time she came to San Angelo until the date of her death, by which facts alone she qualifies herself to give an opinion as to her mother's

sanity or insanity at the time of the making of the alleged will. And it was not necessary for her to state any further facts upon which she based her opinion. Con. Mutual Life Ins. Co. v. Lathrop, 111 U. S., 612; Jordan v. State, 141 S. W., 790; Maxey v. State, 145 S. W., 957; In Re, Rawlings Will case, Ann. Cas. 1918-A, 948; T. & P. Ry. Co. v. Hughes, 192 S. W., 1094; Rogers v. Cunningham (Ark.), 178 S. W., 414; Lanham v. Lanham, 146 S. W., 637.

Even in a suit by or against executors or administrators as such, a party to the suit, having qualified by showing a long intimacy with the deceased, may testify as to the witness' opinion, as to the insanity or sanity of the deceased, and in so doing may use all the knowledge possessed by the witness, both by observation and by statements, acts and conduct of the deceased within the knowledge of the witness. Smith v. Guerre, 159 S. W., 417; In Re Will of Brown, 35 N. W., 726; Schultz v. Culbertson, 103 N. W., 234.

A witness interested in a suit against executor or administrator may testify, independent of any statements made by the testatrix, but merely from observation, what the witness' opinion is as to the sanity or insanity of said testatrix, notwithstanding the witness is a party contestant to a suit with an administrator. Estate of Goldthorp, 94 Iowa, 336, 58 Am. St., 400; Severin v. Zack, 55 Iowa, 28; Parsons v. Parsons, 66 Iowa, 754; Meeker v. Meeker, 74 Iowa, 352; 7 Am. State Rep., 498; Sim v. Russell, 90 Iowa, 656; Denning v. Butcher, 91 Iowa, 425.

Any circumstances, we take it, of ill treatment, either by Robert Holland or his wife, would be a circumstance tending to show the will to be unnatural, and that fact of itself is a circumstance tending to prove insanity and undue influence.

The court erred in permitting counsel for proponent, over the objection of contestants, to propound the following question to R. S. Holland, viz.: "Did you at any time say anything to your mother with reference to the making of a will?" And also in permitting said witness to reply thereto as follows: "No, sir, I did not."

We also want to submit in this argment to the court for what it may be worth, that Article 3590 of the Statute does not apply to this case, and for authority, we refer the court to the case of Grelle v. Grelle, decided by this court on October 16, 1918; Simon v. Middleton, 51 Texas Civil Appeals, 531. Very frankly, we are not much of the opinion that this case applies. That, however, may not be the opinion of this court.

OPINION OF COMMISSION OF APPEALS, SECTION A. MR. JUDGE SPENCER delivered the opinion of the court.

This was a proceeding by defendants in error to contest the probating of the will of Mrs. Susan E. Holland. The will was admitted to probate in the County Court of Tom Green County, and the same result followed in the District Court of that county.

Upon appeal, the honorable Court of Civil Appeals reversed and remanded the cause, for the reason that the trial court refused to permit Mrs. Nimitz, a daughter and heir of the executrix to testify; that independently of any statement made by testatrix or transaction with her, but merely from observation of decedents acts, conduct and mental and physical condition, she was of opinion that testatrix was insane at the time of making the will. 217 S. W., 245.

The trial court excluded the proffered testimony, because in its opinion it was inhibited by Article 3690, Revised Civil Statutes, 1911. That Article reads:

"In actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

In our opinion the evidence was inadmissible. The validity of the will depends upon the sanity of testatrix at the time she executed it. Mrs. Nimitz was a party to the proceeding resisting the probate of the will and interested in establishing the insanity of testatrix. The question is thus narrowed to the single proposition: Is the opinion, as to the sanity of testatrix, based not upon any conversation had with her, or statement by her, but solely upon observations of her acts and conduct and physical and mental condition, a transaction with decedent within the meaning of the Statute.

We think that it is. The words "transaction with," as used in statutes similar to ours relating to the admissibility of transactions with decedents have often received judicial interpretation and have been held to include every method by which one person can derive impressions or information from the conduct, condition or language of another. Holland v. Holland, 90 N. Y. Supp. 208; 98 Apps. Div. 366; Holcomb v. Holcomb, 95 N. Y. 316. The Supreme Court of this State in Leahy et al. v. Timon et al. has definitely and pointedly decided that heirs of a decedent, whose will they are interested in setting aside, are prohibited by the terms of the Statute from testifying as to statements by testatrix tending to establish testatrix's mental capacity at the time of making the will. 110 Texas, 73, 215 S. W., 951.

There is just as much or more reason for prohibiting an opinion by an heir based upon observations as to acts or conduct of a party whose sanity is called in question, as there is to prohibit an opinion based upon statements made by such party. The statements of a person are a part of his acts and conduct, and an index thereto. Specific acts or conduct are often indicative of mental condition but not

necessarily so. The acts or conduct testified to in a given case as a basis of insanity would be susceptible of explanation or subject to contradiction by the person whose sanity is questioned, if that person were living. The object of the Statute was to prohibit the interested heirs and legal representatives from testifying to any facts, or opinions, based upon observations, arising out of any transaction with the decedent which the decedent could, if living, contradict or explain. Death having sealed the lips of one of the parties; the law for reasons, founded upon public policy, seals the lips of the other.

The intent and purpose of the Statute was to exclude just the character of testimony as was excluded by the trial court in this case. That intent and purpose can be carried out by giving to the expression "any transaction with the decedent" that construction which is usually given to it by courts construing similar statutes. Any other construction would do violence to the manifest intent of the lawmaking body.

The construction we have given the Statute is borne out, and this case is ruled, we think, by the decision of the Supreme Court in Park v. Caudle, 58 Texas, 214. In that case the witness Caudle was permitted, over objections, to testify that Joel D. Parks executed and delivered a certain deed to William A. Park, and also as to what passed between Parks and Park at the time explanatory of the transaction. Caudle was not interested therein at the time, but subsequently became so. The court held that it was error to permit him to testify as to the execution of the deed or as to what passed between Parks and Park, or as to any statements made at the time by Parks and Park in the presence of each other. That was a case in which the witness was testifying as to what he observed; or in other words, his testimony had reference to the act and conduct of the decedent during the latter's life time, and the Supreme Court held that the words of the Statute were sufficiently broad to exclude such testimony. With equal reason, we think that the Statute also excludes the proffered testimony in this case.

The Court of Civil Appeals sustained defendant in error's assignment to the effect that the trial court erred in refusing to permit Mrs. Nimitz to testify that when her mother was brought to San Angelo during her last illness, no preparations had been made to take care of her at plaintiff in error's house where she was taken, and that plaintiff in error's wife was unkind to her and neglected her.

This testimony is not inhibited by Article 3690. We do not pass upon its admissibility otherwise, however, as it is not such an error as we are called upon to review; but only refer to it as a reason for recommending an affirmance of the judgment of the Court of Civil Appeals reversing and remanding the cause.

We recommend, therefore, that the judgment of the Court of Civil Appeals reversing and remanding the cause be affirmed.

## SUPREME COURT, *per curiam.*

The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question....discussed in its opinion.

### BY SUPREME COURT ON REHEARING.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

Robert S. Holland filed in the county court of Tom Green County an application to probate an instrument as the will of his deceased mother, Mrs. Susan E. Holland. Mrs. Nimitz and others, daughters of Mrs. Holland, joined by their husbands, contested the probate of the instrument, on the grounds, first, that Mrs. Holland was without testamentary capacity, and second, that she was under undue influence from Robert S. Holland. Trials in the County Court and in the District Court, to which an appeal was taken, resulted in the probate of the instrument presented by Robert S. Holland.

On an appeal from the judgment of the District Court by the contestants, Mrs. Nimitz and others, the Austin Court of Civil Appeals held that it was reversible error for the District Court to refuse to permit Mrs. Nimitz to testify that independently of any statements made by Mrs. Holland or of any transaction with her, she was· of the opinion that Mrs. Holland was insane when the instrument offered for probate was signed, such opinion being based entirely on observation of Mrs. Holland's acts, conduct, and condition, over the objection that such testimony was inhibited by article 3690 of the Revised Statutes of 1911. The Austin Court of Civil Appeals also held that there was error in the action of the district court in excluding testimony by Mrs. Nimitz that when her mother was brought to her son's home, during her last illness, no preparations had been there made to take care of her, and that the wife of Robert S. Holland neglected her and was unkind to her. For these errors, the Austin Court of Civil Appeals reversed the District Court's judgment and remanded the cause for another trial. 217 S. W., 244.

A writ of error having been granted, the cause was referred to the Commission of Appeals, who recommended that while there was error in the decision that article 3690 did not preclude the admission of the testimony of Mrs. Nimitz with reference to her mother's sanity, based on observation of her acts, conduct, and condition, yet the judgment of the Court of Civil Appeals should be affirmed, without inquiry into the correctness of the decision that the District

Court erred in refusing to admit the testimony of Mrs. Nimitz that no preparations were made to care for Mrs. Holland when brought to her son's home during her last illness and that she was neglected and treated unkindly by her son's wife. The conclusion of the Commission of Appeals reflected the view that the assignment complaining of the rejection of this latter testimony, save in so far as it involved the construction of article 3690, was not within the appellate jurisdiction of the Supreme Court. The judgment recommended in the Commission's opinion was adopted and was entered as the judgment of the Supreme Court.

Plaintiff in error, Robert S. Holland, has filed a motion for rehearing, upon the ground that the Supreme Court erred in refusing to consider his assignment of error complaining of the decision of the Court of Civil Appeals that the District Court erred in refusing to admit the testimony of Mrs. Nimitz that when Mrs. Holland was brought to her son's house no preparations had been made to take care of her, and that her daughter-in-law was unkind to her and neglected her. It is the contention of plaintiff in error that where the Supreme Court has jurisdiction of a case like this, wherein the writ of error was granted because of a conflict with other decisions of Courts of Civil Appeals and of the Supreme Court, or because the construction of a statute is involved, then such jurisdiction extends to all the properly presented questions of law in the case. A careful examination of the various constitutional and statutory provisions relative to the Supreme Court's appellate jurisdiction, to be exercised through grant of writs of error, leads us to conclude that the contention of plaintiff in error is sound.

Under the amendment to the Constitution, declared adopted on September 22, 1891, the appellate jurisdiction of the Supreme Court, which is co-extensive with the limits of the State, extends to questions of law only, under such restrictions and regulations as the Legislature may prescribe, in cases of which the Courts of Civil Appeals have appellate jurisdiction.

The act of April 13, 1892, made the appellate jurisdiction of the Supreme Court extend to questions of law in all civil cases of which the Courts of Civil Appeals had appellate but not final jurisdiction, provided, however, such jurisdiction was to be exercised by the grant of writs of error only after final judgments had been rendered in the Courts of Civil Appeals and not after judgments reversing and remanding causes, except in the following cases: (1), Cases to which the railroad commissioners were parties; (2), cases involving the construction and application of the Constitution of the United States or of the State or of an act of Congress; (3), cases involving the validity of a state statute; (4), cases involving title to a state office; (5), cases in which a Court of Civil Appeals overruled its own decisions or those of another Court of Civil Ap-

peals or of the Supreme Court; (6), cases in which the judges of any Court of Civil Appeals might disagree; (7), cases in which any two of the Courts of Civil Appeals might hold differently on the same question of law; and, (8), cases in which the judgment of the Court of Civil Appeals practically settled the case. Writ of error was to be granted by the Supreme Court when it appeared from an inspection of the petition therefor and of the record that there was error in the judgment of the Court of Civil Appeals; and in each case the Supreme Court was empowered to affirm or reverse and render, or reverse and remand if the justice of the case demanded another trial. 10 Gammel's Laws of Texas, 384, 385, 386; Batts' Ann. Tex. Civil Statutes, Arts. 941, 943, 972.

The question soon arose, under the Act of April 13, 1892, as to whether the Supreme Court was limited to the determination of the question or questions on which its jurisdiction depended in cases reversed and remanded in the Courts of Civil Appeals. It was settled by the decision in City of Austin v. Nalle, 85 Texas, 538, 539, 22 S. W., 688, 960, that the legislative intent was evident that whenever a case was brought before the Supreme Court on writ of error, all questions properly raised and presented should be decided, in order that the judgment be entered in the Supreme Court which should have been entered in the Court of Civil Appeals.

The appellate jurisdiction of the Supreme Court was also held to extend to all questions of law in a case involving the validity of a statute, originating in the County Court. In announcing that decision, the Supreme Court, per Justice Williams, said: "It is the *case* not merely the question as to the statute, over which the jurisdiction is extended by the language. The existence of the question is the reason why the jurisdiction is given, but it is the case that is brought within it. It follows that, having decided the question of the validity of the statute, we must proceed to dispose of the case by the proper judgment and, in order to do that, must decide the questions of law on which the character of the judgment must depend." Texas & P. Ry. v. Webb. 102 Texas, 215, 114 S. W., 1173.

The Act of March 28, 1913, amended the articles defining and regulating the appellate jurisdiction of the Supreme Court, so as to read as follows:

"Art. 1521. The Supreme Court shall have appellate jurisdiction co-extensive with the limits of the State, which shall extend to questions of law arising in civil causes in the courts of Civil Appeals in the following cases when same have been brought to the courts of Civil Appeals by writ of error, or appeal, from final judgments of the trial courts:

"(1) Those in which the judges of the courts of Civil Appeals may disagree upon any question of law material to the decision.

"(2)    Those in which one of the courts of Civil Appeals holds differently from a prior decision of its own, or of another court of Civil Appeals, or of the Supreme Court upon any such question of law.

"(3)    Those involving the validity of Statutes.

"(4)    Those involving the revenue laws of the State.

"(5)    Those in which the Railroad Commission is a party.

"(6)    Those in which, by proper application for writ of error, it is made to appear that the Court of Civil Appeals has, in the opinion of the Supreme Court, erroneously declared the substantive law of the case, in which case the Supreme Court shall take jurisdiction for the purpose of correcting such error.

"Art. 1522.    All causes mentioned in Article 1521 may be carried to the Supreme Court either by writ of error or by certificate from the Court of Civil Appeals as elsewhere provided, except those mentioned in subdivision 6, which must be presented by application for writ of error.

"Art. 1543.    If upon inspection of the petition for writ of error and the record of the cause, it shall appear that a Court of Civil Appeals has failed to file conclusions of fact, or has not complied with the requirements of the law in filing such conclusions, and that such conclusions are necessary to enable the Supreme Court properly to determine the rights of the parties, the courts may suspend action on the petition for writ of error and return the record to the Court of Civil Appeals, with instructions to make and return conclusions of fact upon the points indicated by the Supreme Court.

"Art. 1544.    If, upon examination of the petition for writ of error, the Supreme Court shall find the case to be one of which it may take jurisdiction, and that there is such a difference of opinion among the judges of the court from which the cause shall come, or such a difference between the decision brought in question and a decision of another court, as is specified in Article 1521, or that the question involving the validity of a Statute was erroneously decided, or that, in a case involving the revenue laws of a State, or to which the Railroad Commission is a party, any question of law material to its correct decision was erroneously decided, or that such an error is shown as is contemplated by subdivision 6 of Article 1521, the court shall grant the writ for the purpose of deciding the question as to which the difference exists, or of correcting the erroneous decision and rendering the judgment in which a correct decision thereof shall result." 16 Gammel's Laws of Texas, 107; Articles 1521, 1522, 1543, 1544, Vernon's Sayles' Texas Civil Statutes (1914).

Article 1544 of the 1913 Act was to take the place of article 1011c of the Act of April 13, 1892, which simply authorized the

Court "to grant a writ of error". when an inspection of the application therefor disclosed error in the judgment of the Court of Civil Appeals. It therefore withdrew the power to generally grant the writ, and substituted therefor the power to grant the writ for the purpose alone of deciding the question or questions on which the court's jurisdiction rested, and, of "rendering the judgment in which a correct decision thereof shall result."

The Act of 1913 was construed to deprive the Supreme Court of authority to correct errors, though of law, if such errors could not have been the basis for the grant of the writ of error, under some subdivision of article 1521. Browder v. Memphis Ind. School District, 107 Texas, 536 to 538, 180 S. W., 1077; Texas City Transp. Co. v. Winters, 224 S. W., 1087.

In this case, the writ of error was granted under Section 1 of the Act of March 15, 1917, which provides:

"The Supreme Court shall have appellate jurisdiction co-extensive with the limits of the State, which shall extend to all questions of law arising in cases of which the Courts of Civil Appeals have appellate jurisdiction in the following cases when same have been brought to the Courts of Civil Appeals by writ of error or appeal from final judgment of trial courts:

"1. Those in which the judges of the Courts of Civil Appeals may disagree upon any question of law material to the decision.

"2. Those in which one of the Courts of Civil Appeals holds differently from a prior decision of its own or of another Court of Civil Appeals, or of the Supreme Court upon any such question of law.

"3. Those involving the construction or the validity of statutes.

"4. Those involving the revenue laws of the State.

"5. Those in which the Railroad Commission is a party.

"6. In any other case in which it is made to appear that an error of law has been committed by the Court of Civil Appeals of such importance to the jurisprudence of the State as in the opinion of the Supreme Court requires correction, but excluding those cases in which the jurisdiction of the Court of Civil Appeals is made final by Statute. Upon the showing of such an error the Supreme Court may, in its discretion, grant a writ of error for the purpose of revising the decision upon such question alone, and of conforming its judgment to the decision thereof made by it. Until otherwise provided by rule of the Supreme Court the application for writ of error in such a case shall immediately after the title of the cause and the address to the court, concisely state the question decided by the Court of Civil Appeals in which error is asserted, in order that the Supreme Court may at once see that such a question is presented as is contemplated by this provision. This shall be followed by only such brief and general statement as may be necessary to show that

the question was involved in the cause and in the decision of the Court of Civil Appeals. More than one question may be presented in the same application, all being stated in order as above stated." Ch. 75, General Laws, 35th Leg.; Article 1521, Vernon's Sayles' Texas Statutes, 1918 Supplement.

Section 1 of the 1917 Act amended that portion of the 1913 Act which was embodied in article 1544, so as to make same read: "If, upon examination of the petition for writ of error the Supreme Court shall find the case to be one of which it may take jurisdiction, the court shall grant or refuse the writ of error or answer the questions certified by the Court of Civil Appeals, as the case may be."

Apter language could not well be found than that used in article 1521 of the 1917 Act to give the Supreme Court appellate jurisdiction of *all* questions of law in the cases enumerated in subdivisions 1 to 5 of the article, wherein the Courts of Civil Appeals have appellate but not final jurisdiction. The intent for the Court to have and exercise jurisdiction over *all* questions of law in the enumerated cases is further plainly disclosed by the repeal of so much of the 1913 Act as required the grant of the writ of error, for a specific, restricted purpose, and by substituting therefor the general direction for the grant of the writ of error.

Even when jurisdiction depends entirely on the case coming within the terms of subdivision 6, by the showing of an error of law committed by the Court of Civil Appeals of such importance to the jurisprudence as should require correction in the opinion of the Supreme Court, there is a noticeable difference in the terms of subdivision 6 of the 1917 Act from the terms of subdivision 6 of the 1913 Act. In the case where the erroneous declaration of substantive law was made, subdivision 6 of the 1913 Act provided that the Supreme Court *"shall"* take jurisdiction *"for the purpose of correcting such error."* In the case where it is made to appear that "an error of law has been committed by the Court of Civil Appeals of such importance to the jurisprudence of the State, as in the opinion of the Supreme Court requires correction," subdivision 6 of the 1917 Act first declares that *all* the questions of law arising therein in the Court of Civil Appeals shall be within the appellate jurisdiction of the Supreme Court. Subdivision 6 of the 1917 Act further provides that upon the showing of such an error as is therein defined, the Supreme Court *"may,* in its discretion, grant a writ of error for the purpose of revising the decision upon such question *alone,* and of conforming its judgment to the decision thereof made by it."

Carefully weighing all the terms of the 1917 Act, we have no doubt that in a case coming within its appellate jurisdiction under subdivisions 1 to 5, of article 1521, the Supreme Court is not only clothed with the power but is charged with the duty to determine

all properly presented questions of law requisite to a correct decision of the case.

And as we interpret subdivision 6 of the 1917 Act, the Supreme Court has the discretion thereunder either to grant the writ of error, as in cases within prior subdivisions, or to grant the writ for the single purpose of revising the decision of the Court of Civil Appeals on the question of importance to the jurisprudence, which requires correction, and, in the latter event, of conforming its judgment to its decision of such question of importance. The Court's appellate jurisdiction extends to *all* the properly presented questions of law in cases where the writ is allowed under subdivision 6 of the 1917 Act unless the order granting the writ provides otherwise.

Nothing contained in this opinion should be considered as intended to modify the definition of errors of such importance to the jurisprudence of the State as should require correction by the Supreme Court, as heretofore so well announced in the cases of Decker v. Kirlicks, 110 Texas, 95, 96, 216 S. W., 385; and Hartt v. Yturia Cattle Co., (Com. of App.), 288 S. W., 551.

The precise question here determined has not before been argued or squarely presented for decision, and our practice appears not to have been wholly consistent. Decker v. Kirlicks, 110 Texas, 90, 216 S. W., 385; Southern Pacific Co. v. Walters, 110 Texas, 497, 221 S. W., 264. In the last cited case, the Court, having acquired jurisdiction because of a conflict in the decisions, proceeded to determine the question of law as to whether there was any evidence to warrant a finding of negligence, though that question, standing alone, would not have brought the case within the terms of any of the subdivisions of article 1521 in the 1917 Act. That action was in accord with the conclusions announced in this opinion.

Coming to the consideration of plaintiff in error's assignment that there was no error warranting a reversal of the trial court's judgment in the refusal of that court to permit Mrs. Nimitz to testify that plaintiff in error's wife was unkind to and neglected Mrs. Susan E. Holland, and that preparations were wanting to take care of her in plaintiff in error's home, we conclude that the testimony was not material on either the issue of Mrs. Holland's want of testamentary capacity or of undue influence upon her. If the ruling were considered erroneous, we would not regard it as harmful, so as to cause a reversal of the trial court's judgment.

If we should stop here and not consider the assignments presented by the appellants in the Court of Civil Appeals and overruled by that court, we should order that the judgment of the trial court be affirmed. But, it seems to be the definitely settled rule that the party who prevailed in the Court of Civil Appeals is entitled to have his assignments, which were properly presented in that court, considered by the Supreme Court in so far as may be necessary to determine

what judgment should have been rendered by the Court of Civil Appeals.

One Wheeler recovered a judgment for $16,000 against a railway company and the latter appealed to the Court of Civil Appeals, where the judgment was reversed for the admission of certain testimony. Wheeler applied to the Supreme Court for a writ of error on the ground that the testimony referred to was properly admitted by the trial court, and that the Court of Civil Appeals erred in the contrary holding. The Supreme Court first determined that the trial court committed no error in the admission of the testimony and that the Court of Civil Appeals was in error in ordering a reversal of the trial court's judgment because the testimony was admitted. It was then decided that the Railway Company, though it had filed no application for writ of error or assignments of error in the Supreme Court, was entitled to have a determination by the Supreme Court of the assignments made by it as an appellant in the Court of Civil Appeals, "to ascertain if the judgment of the trial court should have been reversed upon any one of the grounds assigned." Among those assignments two were found which were sustained, and on them a reversal of the trial court's judgment was ordered, unless Wheeler filed a remittitur of part of his judgment. Wheeler v. Tyler Southeastern Ry. Co., 91 Texas, 356, 43 S. W., 876.

While the rule is established that this Court will refuse to consider error urged by a plaintiff in error as fundamental, if not presented in his petition for writ of error filed within the statutory time, Link v. City of Houston, 94 Texas, 382, 59 S. W., 566, 60 S. W., 664, yet fundamental error, never assigned, is available in the Supreme Court to the prevailing party in the Court of Civil Appeals. The reason for considering unassigned fundamental error as available in the Supreme Court to the prevailing party in the Court of Civil Appeals is stated in Texas Brewing Co. v. Templeman, 90 Texas, 277, 38 S. W., 27, as follows: "In this case the Court of Civil Appeals reversed the judgment of the District Court and remanded the cause. The appellee, as plaintiff in error in this court, seeks to reverse the judgment rendered upon appeal, and, in order to do so, must show that it was erroneous. In other words, it must be made to appear that the Appellate Court should have affirmed the judgment of the District Court. But if there was fundamental error in the latter judgment apparent upon the face of the record, it should have been reversed by that court, whether or not that or other errors were assigned. The judgment of reversal is correct, and therefore must stand, although the ruling of the court may have been placed upon the wrong ground."

Among the assignments of defendants in error in the Court of Civil Appeals was one complaining that the trial court erred in permitting plaintiff in error to testify that he did not at any time say

anything to his mother with reference to making a will, over the objection that to admit such testimony was to permit a party to the suit, not called by the opposite party, to testify to transactions with the deceased Mrs. Susan E. Holland.

In our opinion, it was reversible error to admit this testimony, which was plainly prejudicial on the issue as to whether the instrument offered for probate was procured by the undue influence of plaintiff in error. It being obvious that conversations had passed between the testatrix and the witness, to permit the witness to deny that a particular subject had been mentioned in the conversations was to permit him to give negative testimony as to such conversations, and hence as to transactions with the testatrix.

The statute forbade the admission of testimony, positive or negative, of this witness in this action, at his own instance, against the contestants, "as to any transaction with" Mrs. Susan E. Holland. Testimony of like import was held inadmissible in McCampbell v. Henderson, 50 Texas, 613; Johnson v. Lockhart, 40 S. W., 641; and Edelstein v. Brown, 95 S. W., 1128. See also Webb v. Simons, 3 Ga. App., 639, 60 S. E., 334.

The decision of the Court of Civil Appeals sustaining the admission of this testimony was in accord with its previous opinion in Adam v. Sanger, 77 S. W., 954. The Supreme Court refused a writ of error in that case, but that action implied no approval of the holding that testimony which was negative in character was without the inhibition of the statute. For, in the opinion in Adam v. Sanger it was pointed out that the admission of the negative testimony there complained of, if error, was entirely harmless.

The motion for a rehearing is granted, but since the Court of Civil Appeals entered the correct judgment, in reversing the judgment of the trial court and in remanding the cause for a new trial, its judgment is affirmed. It is ordered, however, that the trial court be governed on the new trial by this opinion, and, in so far as it is not inconsistent herewith, by the opinion of the Commission of Appeals.

*Reversal of cause affirmed, but grounds thereof disapproved, and cause remanded with instructions.*