### HEBERT et al. v. NEW AMSTERDAM CASUALTY CO. (No. 1025–4948; Motion No. 7955.)

Commission of Appeals of Texas, Section A. March 7, 1928.

1. Trial ⬥352(1)—Issue whether employee's death was due to duties of employment, subjecting him to greater hazard from "act of God" than general public, held properly refused as too general.

Issue whether employee's death was due to and caused by duties of employment, subjecting him to greater hazard from "act of God" than ordinarily applied to general public *held* properly refused as too general in reference to act of God; true issue being whether injury by heat stroke was traceable to hazards of employment.

2. Trial ⬥352(4)—Issue whether employee sustained injury while in scope of employment held properly refused, as submitting undisputed fact.

Issue whether employee, while in scope of employment, sustained injury resulting in his death, *held* properly refused, where no question as to his activities at time of death being within scope of employment arose on the evidence.

3. Trial ⬥141—Only disputed matters should be submitted to jury.

Disputed matters only should be submitted to the jury.

4. Master and servant ⬥417(4½)—Description of Industrial Accident Board's award held properly included in petition to set it aside.

Description of Industrial Accident Board's award, denying relief to deceased employee's beneficiaries, *held* properly included in petition to set it aside, even if award "can only be filed for jurisdictional purposes"; jurisdiction being invoked by petition.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

On motion for rehearing. Motion overruled.

For original opinion, see 1 S.W.(2d) 608. See, also, 296 S. W. 688.

J. Llewellyn and P. C. Matthews, both of Liberty, for plaintiffs in error.

Carter, Bailey & Berwald, of Dallas, amici curiæ.

Andrews, Streetman, Logue & Mobley, and Chap. H. Cain, all of Houston, for defendant in error.

NICKELS, J. In respect to the points discussed in our original opinion (1 S.W.

---

[2d] 608), we do not find anything in the motion for rehearing (filed by defendant in error) that was not then considered.

Special issue No. 3, as submitted to the jury, is in these words:

"Was Hebert's death caused by conditions made more hazardous by reason of the performance of the duties of his employment than applied to the general public?"

Objections then seasonably made are: (a) Three questions are submitted as one; i. e., whether Hebert "received an injury in said employment," whether he was "subjected to a hazard by reason of said employment greater than" that to which the "general public was subjected (particularly as regards an act of God)," and whether "such hazard was the cause of Hebert's death." (b) "Special issue No. 3" did not affirmatively present the company's defense of lack of hazard beyond that to which members of the "general public" were subject.

There was no issue made in proof about the fact of Hebert's activities being within the scope of his employment, at the time of his (admitted) death. Special issues Nos. 1 and 2 had relation to the immediate cause of Hebert's death (found to be "heat stroke"). And while the "issue" might have been more clearly framed, it does present the matter of the defense, and that without error then pointed out.

[1] Touching the same matter the company's counsel prepared and requested an "issue" in this form:

"Was Adam Hebert's death due to and caused by the duties of his employment that subjected him to a greater hazard from the act of God than ordinarily applied to the general public?"

—which was refused. The reference to "the act of God" in the company's "issue" was too general. The true issue was whether injury (consequently, death) was traceable to hazards of the employment, on the one hand, or to hazards not connected therewith—e. g., not increased by conditions of the premises, nature of work, etc. The words used had a broad enough meaning to carry reference to lightning stroke, e. g., and many other "acts" sometimes attributed to God, and thus the "issue" went beyond that which was in view, viz. the sun's rays as affected by the conditions of employment.

[2, 3] By its "issue" No. 1 the company sought to have the jury asked whether "Hebert, while in the scope of his employment with Ike Glenn, * * * sustained an injury, which resulted in his death"?—the question being accompanied with the statutory definition of "injury." No question about Hebert's activities at the time of his (admitted) death being within the scope of his employment arose on the evidence, yet the matter (as if controverted) was included

in the "issue" thus framed. Naught but disputed matters should be submitted to the jury.

[4] Special exception was directed at that part of the petition which included description of the award of the Industrial Accident Board (denying Hebert's beneficiaries relief and for whose setting aside the action was brought); the "award," it was said, "can only be filed * * * for jurisdictional purposes." If the company's position about the use of the "award" be correct (about which we say nothing), it would still have a place in the petition for it is by petition that jurisdiction is invoked.

Hence we think the assignments presenting these questions in the Court of Civil Appeals and considerable here (Holland v. Nimitz, 111 Tex. 419, 431, 232 S. W. 298, 239 S. W. 185), are without merit.

We recommend that the motion for rehearing be overruled.