## CONNECTICUT GENERAL LIFE INS. CO. v. BANDERBEE.
### No. 2741.

Court of Civil Appeals of Texas. Beaumont. April 25, 1935.

John G. Tucker, Orgain, Carroll & Bell, and Ewell Strong, all of Beaumont, for appellant.

D. E. O'Fiel, of Beaumont, for appellee.

WALKER, Chief Justice.

This was a suit by Viney Banderbee, surviving wife of Frank Banderbee, against appellant, Connecticut General Life Insurance Company, upon a policy of insurance issued by appellant to Frank Banderbee containing the following conditions of payment: "The Connecticut General Life Insurance

Company of Hartford, Connecticut (hereinafter called the Company) hereby agrees on receipt of due proof of death or of permanent total disability as hereinafter defined, occurring before age sixty, of any employee of Gulf Oil Corporation or any of its subsidiary companies (hereinafter called the Employer) to pay the sum specified in the following schedule, provided such death occurs or permanent total disability begins while the employee is covered under the terms of this policy."

The policy was canceled by appellant on the 27th day of February, 1931. The theory of appellee's petition was that prior to the date of cancellation, while the policy was in full force and effect, Frank Banderbee suffered a total permanent disability as a result of injuries which subsequently in November, 1931, caused his death. The following issues were submitted to the jury, answered as indicated:

"Special Issue No. One: From a preponderance of the evidence find whether the said Frank Banderbee, on or before February 27th, 1931, suffered from any injuries, sickness or disease, if any. Answer: Yes.

"Special Issue No. Two: From a preponderance of the evidence find whether such injuries, sickness or disease, if any totally disabled him. Answer: Yes.

"Special Issue No. Three: From a preponderance of the evidence find whether such injuries, sickness or disease, if any, on or before February 27th, 1931 so totally disabled him as to continuously prevent him from performing any occupation for wages or profit. Answer: Yes.

"Special Issue No. Four: From a preponderance of the evidence find whether such total disability, if any, continued throughout the life of the said Frank Banderbee. Answer: Yes.

"Special Issue No. Five: From a preponderance of the evidence find what amount of insurance, if any, was payable, if any, under said certificate and policy in evidence. Answer by stating the amount. Answer: $2,250.00.

"Special Issue No. Six: From a preponderance of the evidence find what the age of the said Frank Banderbee was at the time of the beginning of such total disability, if any. Answer: 41 years.

"Special Issue No. Seven: From a preponderance of the evidence find whether the disability of the said Frank Banderbee, if any he had, would have been im-

proved during his lifetime by proper medical treatment, to the extent that same would not be total as said term is explained herein. Answer: No."

On the verdict of the jury and the testimony judgment was entered in favor of appellee "individually and as the surviving wife of Frank Banderbee" for the sum of $2,250, with interest at the rate of 6 per cent. per annum from the 27th day of February, 1931.

■ On the theory of her petition that she was the sole heir of her deceased husband, it was a violation of article 3716, R. S. 1925, to permit appellee to testify that her husband had not received an injury prior to 1931; that he never had a doctor until he fell at the refinery in 1930; that in 1930 he was brought home and she called Dr. Gibson and that the doctor treated Frank Banderbee and came to see him one whole week; that her husband was off from his work for three weeks; that they took him back and he worked until the 27th of February, 1931, when he was fired; that between the time he got hurt and the time he was fired he suffered from shortness of breath, "looked like his heart was overflowing with gas and couldn't rest at night"; that she "had to get up and down with him plum up until he died"; that "he was out of breath almost from the time they brought him home until he died, suffering from shortness of breath over his heart"; that "during such time he was taking treatment from Dr. Gibson as long as he was able to work and after they fired him wasn't able to get a doctor, didn't have anything to get a doctor with, and that was the reason he suffered and died," etc. In International Traveler's Ass'n v. Bettis, 120 Tex. 67, 35 S.W.(2d) 1040, 1042, the Supreme Court held that the following testimony was received in violation of the statute: " 'I was with my father at the time he was injured. He was fixing a fence at the time he received the injury. I went down to the pasture with him, me and my father, to do some work, in the J. A. Bettis pasture, a part of the old Thomas place; no one else was with us; that place is south of Blanket; and there was a wire loose and we started to fix it. We had two hammers, and I started to tighten one of the wires, and I put the barb in the claw of my hammer and pulled it tight, and he started to staple it and it flew back and hurt his finger, the one he was holding the staple with, and I noticed the blood on it; I saw the wound after

we left there and went to the windmill—he showed me the wound there and made the remark about it hurting him.'"

See, also, Adams v. Adams (Tex. Civ. App.) 253 S. W. 605; Holland v. Nimitz, 111 Tex. 419, 232 S. W. 298, 299, 239 S. W. 185. That appellee also sued and recovered in her own right as a community survivor did not render this testimony admissible. In Spencer v. · Schell, 107 Tex. 44, 173 S. W. 867, 868, our Supreme Court said: "As has been noted, Mrs. Schell was the plaintiff in the suit in a dual capacity; that is, as the heir of her husband and in her own right as community survivor. As a party plaintiff in her own right, the testimony was admissible against her. As against her in the capacity of the heir of her husband, it was inadmissible under the statute."

■ Appellee sued as community survivor and as the sole heir of her husband. On the trial it developed that by a common-law marriage he left surviving him four minor children. It was error to overrule appellant's motion to withdraw announcement of ready for trial and to postpone the case until these minor children could be made parties. In Barmors v. Darragh (Tex. Civ. App.) 227 S. W. 522, 523, the court said: "And no court should render a judgment or decree when it is apparent that all parties are not before it."

The following proposition is announced by 32 Tex. Jur. p. 105: "When in the development of the case it is found that additional parties are necessary in order properly to adjust equity and prevent multiplicity of suit, the court of its own motion may and will stay proceedings until such parties are brought in. Indeed it has been decided that the court commits fundamental error in proceeding to a final judgment without the presence of the essential parties."

■ Appellee pleaded only one injury. The issues should be so submitted as to confine the jury to a consideration of that injury. Texas & N. O. Railway Co. v. Crow, 121 Tex. 346, 48 S.W.(2d) 1106; Gulf, C. & S. F. Railway Co. v. Pryor (Tex. Civ. App.) 238 S. W. 1040.

On another trial appellee should replead her case meeting certain special exceptions as to its indefiniteness, the nature of the injury suffered by Frank Banderbee and the results, and the charge of indefiniteness as to when the total disability was suffered.

The criticism that appellant's answer denying receipt of proof of loss was not verified can easily be obviated on another trial.

■ All exceptions to the form of the special issues to the effect that they were duplicitous and placed upon appellant the burden of proving the negative are overruled. These issues were drawn in substantial compliance with the rule announced by Federal Surety Co. v. Smith (Tex. Com. App.) 41 S.W.(2d) 210.

For the reasons stated, the judgment of the lower court is reversed and the cause remanded for another trial.