## KING v. KING et al.
### No. 3330.

Court of Civil Appeals of Texas. El Paso.
Feb. 6, 1936.

Rehearing Denied March 5, 1936.

Griffin & Kimbrough, of McAllen, for appellant.

Strickland, Ewers & Wilkins, of Mission, for appellees.

HIGGINS, Justice (after stating the case as above).

Appellant submits many propositions, but the concrete issues presented by the appeal are limited. Such issues involve no novel questions of law or fact and call

for no extended discussion. It will suffice to briefly state our conclusions disposing of same.

The attack made upon the sufficiency of the evidence to support the court's findings cannot be sustained. The testimony of various witnesses raised a clear issue as to both testamentary capacity of the testator and undue influence upon him exercised by Mrs. King, inducing the execution of the will.

This court would not be warranted in disturbing the findings of the trial court upon such issues.

■ Nor did the court err in permitting the amendment of the appeal bond. The statute expressly authorizes the amendment of bonds which are defective in either form or substance. Article 1840, Rev.St.1925, amended by 42d Leg. (1931) p. 315, c. 187, by adding art. 1840—A. (Vernon's Ann. Civ.St. art. 1840—A). And there is no reason why such amendment could not be effected by erasure and interlineation with the consent of the surety as was here done.

■ The court properly overruled the motion to require contestants to elect whether they would contest the validity of the will upon the ground of testamentary incapacity or undue influence. Contestants had the right to attack the will upon both grounds.

■ Complaint is made of the admission in evidence of the testimony of various non-expert witnesses who gave their opinion as to King's mental condition after he had the first cerebral hemorrhage and before he executed his will. The witnesses had all known King before and after his illness, and they stated the facts, within their own knowledge, upon which they based their opinion. Such testimony was admissible. Brown v. Mitchell, 88 Tex. 350, 31 S.W. 621, 36 L.R.A. 64.

■ Complaint is made of other evidence admitted as being immaterial and irrelevant. There is nothing in the record to indicate that such testimony in any degree influenced the court in the findings made. There is an abundance of competent evidence to support such findings. It will not be presumed the court gave any weight to irrelevant and immaterial evidence in deciding the controlling issues of fact in the case. 3 Tex.Jur., Appeal and Error, § 881.

■ The testimony of Mrs. King was properly excluded. She was not a competent witness to testify to any transaction with, or statement by, the testator. Article 3716, R.S. The statute applied to a proceeding of this character. Leahy v. Timon, 110 Tex. 73, 215 S.W. 951. And the matters sought to be proven by Mrs. King are within the purview of the statute. Holland v. Nimitz, 111 Tex. 419, 232 S.W. 298, 239 S.W. 185.

■ Propositions 18, 19, 20, and 21 complain of other rulings upon evidence. These propositions are not accompanied by any statements. It would be necessary to refer to the statement of facts for the bills of exception. We cannot search the voluminous statement for the bills. We may say, however, that the propositions seem to show no reversible error.

Affirmed.

### On Rehearing.

■ In the original opinion it was stated the erasure and interlineation in the appeal bond was done with the consent of the surety. The assumption that this was done with the consent of the surety was based upon the fact that in the brief of the appellees and upon oral argument it was so stated by counsel for appellees. Such statement was not challenged by the appellant. In the motion for rehearing counsel for appellant assert the record does not show the change was made with the consent of the surety, and upon examination of the record we find this is true. This condition of the record, however, presents no ground for reversal. Upon appeal, all presumptions not contradicted by or inconsistent with the record are in favor of the ruling of the trial court. Error is never presumed. The burden is upon the party complaining to show affirmatively by the record error was committed. The record here does not show the change in the bond was made without the consent of the surety. It was done in open court. It will not be presumed the court permitted such change without such consent. The presumption here is the change was made with the consent of the surety. 3 Tex.Jur., Appeal and Error, §§ 734 and 741.

The motion for rehearing is overruled.