### HERNANDEZ v. ALMENDAREZ.

#### No. 1976.

Court of Civil Appeals of Texas. Eastland.
Feb. 2, 1940.

Rehearing Denied March 1, 1940.

Strasburger, Price, Holland, Kelton & Miller, of Dallas, for appellant.

Kazen & Kazen, of Laredo, for appellees.

GRISSOM, Justice.

Marcelino Almendarez, by his next friend, brought this suit against Adan Hernandez for damages alleged to have resulted from defendant's negligence in causing his automobile to run over plaintiff's foot. Plaintiff testified, in substance, that his was 11 years of age; that prior to the accident he had been living with defendant's mother, defendant being a member of the same household; that on the day of his injury defendant and Falcon and two other boys pushed an old light delivery truck from their yard into the street trying to start the engine, the battery being "dead;" that defendant told plaintiff to help push the truck; that the fenders had been removed from the truck and only the brackets, which had formerly supported the fenders, remained on the sides of the truck; that while pushing on the side of the truck plaintiff got his foot hung on one of the brackets protruding from the side of the truck, causing the truck to run over his foot and mash three of his toes, etc.

Upon the verdict the court rendered judgment for plaintiff for $850. Defendant has appealed.

Special issues Nos. 5 to 9, inclusive, and the answers thereto, are in substance as follows: (No. 5) That defendant knew of plaintiff's presence at the truck before the accident happened. (6) That a person of defendant's capacity, discretion and intelligence would have known plaintiff was "in such position of danger upon the occasion in question." (6a) "Do you find from a preponderance of the evidence that defendant so observed and knew of plaintiff's dangerous position a sufficient time before the accident to have enabled the defendant in the exercise of that degree of care which would have been ordinarily exercised by a person of his capacity, discretion and intelligence, under the same or similar circumstances, to have caused the removal of the plaintiff from such position before the happening of the accident upon the occasion in question?" With reference thereto the court instructed the jury to answer: "He did have a reasonable time to remove plaintiff", or "He did not have a reasonable time to remove plaintiff." The jury answered: "He did have a reasonable time to remove the plaintiff." (7) "Do you find from a preponderance of the evidence that the defendant upon discovering such position of plaintiff failed to cause the removal of the plaintiff, but permitted him to remain therein, before putting the truck in motion?" Issue No. 8 inquired whether such conduct constituted negligence, and No. 9 whether such negligence was the proximate cause of plaintiff's injuries. All of said issues were answered favorably to plaintiff. The answers to said issues constitute the only finding of negligence and proximate cause.

Defendant's first proposition is to the effect that the court erred in submitting said special issues because they were not supported by the pleadings. In particular it is urged that none of the pleadings in the case allege as a ground of negligence defendant's failure to remove plaintiff from the truck, or its vicinity, or that such failure was the proximate cause of plaintiff's injuries, as inquired about in issues 6a and 7. Their submission was objected to for the reason they were not supported by the pleadings. After careful consideration of the pleadings we have concluded said proposition must be sustained. We think it is evident plaintiff did not attempt to charge defendant with failure to remove plaintiff from the truck, or its vicinity, as a ground of negligence, and that defendant's objection to special issues Nos. 6a and 7, in particular, should have been sustained.

Defendant further contends, in connection with issues Nos. 6 and 6a, that there was no pleading that "a person of defendant's capacity, discretion and intelligence ordinarily under the same or similar circumstances would have known and appreciated the fact that plaintiff was in such position of danger upon the occasion in question." Defendant's contention is correct. However, plaintiff in his brief says

that it was discovered upon the trial of the case for the first time that defendant was only 17 years of age. This statement is supported by the statement of facts. We do not understand, however, how such language could have been detrimental to defendant. Such allegations were made with reference to plaintiff, a boy 11 years of age, and the issues as to his negligence likewise submitted. The court, upon ascertaining defendant was only 17 years of age, evidently intended to give defendant and plaintiff alike the benefit of such allegations.

■ Since, as heretofore stated, the issues discussed are found to be without support in the pleadings, and since the jury's answers thereto constitute the only finding that defendant was negligent, and that his negligence was the proximate cause of plaintiff's injury, the judgment must be reversed. Dollahite-Levy Co. v. Phillips, Tex.Civ.App., 99 S.W.2d 688; Gulf, C. & S. F. Ry. Co. v. Baldwin, Tex.Civ.App., 2 S.W.2d 520; Texas & N. O. Ry. Co. v. Crow, 121 Tex. 346, 48 S.W.2d 1106; Connecticut General Life Ins. Co. v. Banderbee, Tex.Civ.App., 82 S.W.2d 764; Texas & N. O. Ry. Co. v. Harris, Tex.Civ.App., 101 S.W.2d 640; Texas Emp. Ins. Ass'n v. Phelan, Tex.Civ.App., 103 S.W.2d 863; Dorsey v. Temple, Tex.Civ.App., 103 S.W. 2d 987; City of Winters v. Bethune, Tex. Civ.App., 111 S.W.2d 797.

■ We sustain defendant's second proposition. The court erred in failing to submit to the jury special issues requested by the defendant inquiring, in effect, whether plaintiff was warned to stay away from the truck; whether plaintiff's failure to heed the warning, if given, was negligence and the proximate cause of plaintiff's injuries. We think said issues were raised by the pleadings and evidence, and that the issues submitted by the court were not sufficient to take the place of the requested issues.

In view of another trial we call attention to the fact that the Supreme Court, in Gulf C. & S. F. Ry. Co. v. Giun, 131 Tex. 548, 116 S.W.2d 693, 695, 116 A.L.R. 795 has suggested the proper form for submission of the issue of unavoidable accident and instructions to the jury as to how

the issue should be answered. Also see Texas Emp. Ins. Ass'n v. Lemons, 125 Tex. 373, 83 S.W.2d 658; McClelland v. Mounger, Tex.Civ.App., 107 S.W.2d 901, 906; Thurman v. Chandler, 125 Tex. 34, 81 S.W.2d 489; Psimenos v. Huntley, Tex. Civ.App., 47 S.W.2d 622; Fidelity & Cas. Co. v. Van Arsdale, Tex.Civ.App., 108 S.W. 2d 550, 554; S. Blickman, Inc. v. Chilton, Tex.Civ.App., 114 S.W.2d 646, 650.

■ We overrule defendant's propositions Nos. 8 and 9, which are to the effect that the submission of the question of negligence to the jury should have been controlled by Automobile Guest Statute, Art. 6701b, Vernon's Ann.Civ.St., that is, that it was necessary for plaintiff to allege and prove plaintiff's injury was caused by defendant's willful misconduct, or was caused by the heedless and reckless disregard of plaintiff's rights by defendant. Napier v. Mooneyham, Tex.Civ.App., 94 S.W.2d 564. We think the evidence fails to bring this case within the purview of Art. 6701b.

Although not directly in point we call attention to the following decisions: Elkins v. Foster, Tex.Civ.App., 101 S.W.2d 294, writ dismissed, and Johnson v. Smither, Tex.Civ.App., 116 S.W.2d 812, writ dismissed.

■ Defendant says that his defensive issues were conditionally submitted over his objection. We think his objection to the charge, to-wit, that it constituted a general charge, is insufficient to present the question attempted to be presented here. Therefore, defendant's tenth proposition is overruled.

We have heretofore expressed our views with reference to the conditional submission of issues in the following cases: Harris v. Thornton's Dept. Store, Tex.Civ. App., 94 S.W.2d 849, 853; Southern Underwriters v. Erwin, Tex.Civ.App., 134 S.W. 2d 721, 723; Traders & General Ins. Co. v. Wright, Tex.Civ.App., 95 S.W.2d 753, affirmed, 132 Tex. 172, 123 S.W.2d 314; International-Great Northern R. Co. v. Acker, Tex.Civ.App., 128 S.W.2d 506, 521. Also see 41 Tex.Jur. 1128 & 1129; 16 Tex. Law Review, 384.

The judgment is reversed and the cause remanded.