**PANHANDLE AND SANTA FE RAILWAY COMPANY, Appellant,**

v.

**Mrs. Beulah ELLISON, as Permanent Administratrix of the Estate of R. R. Ellison, Sr., Deceased, Appellee.**

No. 3464.

Court of Civil Appeals of Texas.

Eastland.

June 26, 1959.

Mays, Leonard & Moore, Sweetwater, for appellant.

Park, Hemphill & Auforth, Snyder, for appellee.

WALTER, Justice.

Mrs. Beulah Ellison in her capacity as administratrix of the estate of her deceased husband, R. R. Ellison, Sr., recovered a judgment for $15,000 as damages for an injury sustained by her deceased husband on August 22, 1950, while he was working for the Panhandle and Santa Fe Railway Company. This action was brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. Suit was originally brought by R. R. Ellison, Sr., and after his death his administratrix was substituted as plaintiff.

The Panhandle and Santa Fe Railway Company has appealed from such judgment contending the court erred in admitting the testimony of the administratrix about the physical condition, mental condition and complaints of Mr. Ellison following the accident because said evidence was in violation of Article 3716, the Dead Man's Statute, hearsay and self-serving.

The evidence reveals that some freight cars had been sideswiped in the El Paso yards and caused one of them to be tilted. Mr. Ellison, a section foreman, and his crew were working on the tilted boxcar when apparently a switch engine collided with it and caused it to turn over. Mr. Ellison had another on-the-job accident in 1952 but the jury exonerated the appellant from liability for the second injury.

The administratrix was permitted to testify over the objection of appellant substantially that when her husband came back home after the accident he told her that a car had hit him on his shoulder, "glazed" him on the head and shoulder and that it was his back that was hurting him and he also complained of severe headaches; that from the time of the accident up until August, 1952, her husband seemed to be partially paralyzed on his left side and that he didn't have good coordination, had dizzy spells and severe headaches all the time and that he didn't sleep well at night and that he gradually went down and was never well after the accident; that he was de-

pressed and sick and complained all the time. S. L. Rankins, the switch engine engineer, testified that Mr. Ellison told him a cross tie flew up and hit his knee and that he had a narrow escape. Mr. Ellison's second on-the-job accident occurred on or about August 5, 1952, when he fell and hit his knee on a piece of slag. Rankins further testified that he visited Mr. Ellison at his home after his second accident at which time he was hopping around on a cane and appeared to have lost a considerable amount of weight. Jose Sanchez, a member of Mr. Ellison's section crew at the time of the first accident, testified that Mr. Ellison told him the day after the accident that he had a pain in one of his shoulders and that this was the only complaint he ever heard Mr. Ellison make. On cross examination Sanchez testified that so far as he knew, Mr. Ellison did not miss any time from his work for two years after the first accident. Mrs. Virginia Ellison, daughter-in-law of Mr. Ellison, testified that she saw him about every two or three months from 1950 to 1952 and up until the time of his death and that he appeared to waste away and was depressed. She further testified that after 1952, after he quit working for the Santa Fe, he lost weight and stayed at home.

There is no contention that the appellant waived the provisions of the Dead Man's Statute. The terms of such statute are applicable in a Federal Employers' Liability Act case. Appellee brought the suit and recovered judgment in her capacity as administratrix. She was permitted to testify about transactions with and statements made by her deceased husband in direct contravention of the Dead Man's Statute. This was error. Holland v. Nimitz, 111 Tex. 419, 232 S.W. 298.

Appellee contends that such error was harmless. With this contention we cannot agree. Although there was some competent evidence as to Mr. Ellison's condition after the first accident, we are of the opinion after considering the entire record that

the error in admitting the testimony of the administratrix was prejudicial to the substantial rights of the appellant and was reasonably calculated to cause and probably did cause the entry of an improper judgment.

The judgment is reversed and the cause is remanded for a new trial.