## TEXAS ELECTRIC RY. v. SCOTT.
### (No. 6140.)

(Court of Civil Appeals of Texas. Austin. March 3, 1920. Rehearing Denied April 28, 1920.)

**Negligence ☞142—Verdict for plaintiff involved finding of no contributory negligence.**

Where the court submitted the question of plaintiff's contributory negligence, as well as defendant's negligence, a verdict for plaintiff involved a finding that plaintiff was not contributorily negligent.

Appeal from District Court, McLennan County; Geo. N. Denton, Judge.

Action by G. W. Scott against the Texas Electric Railway. Judgment for plaintiff, and defendant appeals. Affirmed.

Sanford & Harris, of Waco, for appellant. Alva Bryan and G. W. Barcus, both of Waco, for appellee.

KEY, C. J. G. W. Scott brought this suit against the Texas Electric Railway, and recovered a verdict and judgment for $775, for damage to an automobile belonging to the plaintiff, which damage was alleged to have been caused by the negligence of the defendant, and the defendant has appealed.

The questions presented for decision are neither new, novel, nor difficult, and therefore it is not necessary that this court should prepare an elaborate opinion.

The first, second, and third assignments of error complain of the action of the trial court in admitting certain testimony offered by the plaintiff concerning the value of the automobile before and after its injury, and especially after it was injured. Each one of the witnesses testified substantially that it had no market value after it was injured, and that its only value was for junk; and one of the witnesses stated that as junk it was not worth over $45. None of the other witnesses undertook to state its value after it was injured. The plaintiff sold the automobile after it was injured for $150, and the record indicates that the jury deducted that much from its value before it was injured. Hence we hold that the assignments referred to point out no reversible error.

Several assignments are addressed to the court's charge; but, when that document is considered in connection with a requested instruction, asked by appellant and given by the court, limiting the jury to a consideration of only two grounds of negligence charged against the defendant, we think the objections referred to are without merit.

Upon the issue submitted, the jury found that the defendant was guilty of negligence, and the testimony supports that finding. The court also submitted to the jury the question of the plaintiff's contributory negligence, and the verdict involves a finding that he was not guilty of such negligence, which finding is also supported by testimony.

No sufficient reason for reversing the case has been pointed out by appellant, and therefore the judgment of the court below will stand affirmed.

Affirmed.