**GULF, C. & S. F. RY. CO. v. CONLEY et ux.
(No. 399–3739.)**

(Commission of Appeals of Texas, Section A.
June 30, 1923.)

1. **Carriers ⬳321(3)—Instruction as to carrier's liability for negligence held erroneous.**

An instruction that "a carrier of passengers is required to exercise the greatest degree of skill that can be exercised under all the circumstances, short of a warranty of its passengers," *held* erroneous, as giving the jury no guide to determine the real degree of care required.

2. **Appeal and error ⬳216(3)—Failure to request special charge will not relieve affirmative error in charge given.**

In an action for personal injuries, the fact that defendant did not request a special charge, correctly stating the rule of its liability, does not obviate the necessity for a correct charge, and, where the charge given is affirmatively erroneous, judgment must be reversed.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by Chas. L. Conley and wife against the Gulf, Colorado & Santa Fé Railway Company. From judgment for plaintiffs, affirmed by the Court of Civil Appeals (236 S. W. 521), defendant brings error. Reversed and remanded.

W. N. Foster and F. J. & C. T. Duff, all of Beaumont, and Terry, Cavin & Mills, of Galveston, for plaintiff in error.

McCall & Crawford, of Conroe, for defendants in error.

RANDOLPH, J. The plaintiffs, C. L. Conley and wife, brought this suit against the defendant, Gulf, Colorado & Santa Fé Railroad Company for damages for personal injuries to Mrs. Conley. The trial court rendered judgment for plaintiffs, and that judgment was affirmed by the Court of Civil Appeals. 236 S. W. 521.

Mrs. Conley was a passenger on defendant's train. When the train on which she was traveling reached the station which was her destination, she made an effort to get off and in so doing fell and was injured. There are no issues presented to us involving the question as to whether or not she was injured and the extent of her injuries, but only questions involving objections to the charge of the trial court in the submission of the case to the jury.

[1] The first assignment of error in the application for the writ raises the question that the degree of care required to be exercised by a carrier of passengers in that paragraph of the trial court's general charge, below quoted, does not state the correct rule of law, and imposes a greater degree of care upon such carriers than the law requires.

The paragraph of the charge complained of is as follows:

"A carrier of passengers is required to exercise the greatest degree of care which can be exercised under all the circumstances, short of a warranty of its passengers."

Mr. Hutchinson, in his work on Carriers, section 890, p. 990, distinguishes between the liability of carriers of freight and of passengers. As to carriers of freight, over which they have complete control, there is a degree of care amounting to an insurance of the freight, aside from the acts of God and the public enemy. As to carriers of passengers, while they are not insurers of the safety of passengers, they must exercise "the highest or utmost degree of care and diligence which human foresight will suggest in view of the character and mode of conveyance employed." Hutchinson on Carriers, § 895.

Section 896, same author, says:

"Although the form of expression is sometimes varied, and the rule is stated as requiring 'the utmost diligence of very cautious persons,' 'the greatest possible care and diligence,' 'the most perfect care of a cautious and prudent man,' and other similar phrases, the real meaning intended by them all is that the care and circumspection to be required is the utmost care which can be exercised under all the circumstances, short of a warranty of the passengers. * * *"

In the case of Railway v. Halloren, 53 Tex. 53, 37 Am. Rep. 744, the following is given as the correct rule:

"Railroad companies, however, are not insurers of the safety of their passengers, further than could be required by the exercise of such a high degree of foresight as to possible dangers, and such a high degree of prudence in guarding against them, as would be used by very cautious, prudent, and competent persons under similar circumstances."

In the case of Railway v. Welch, 86 Tex. 203, 24 S. W. 390, 40 Am. St. Rep. 829, Justice Brown, passing upon a charge wherein the trial court charged the rule to be that the carrier must use "all possible care," says:

"The charge is not more objectionable for what it means than for the want of any definite meaning. The object of giving a charge to a jury is to furnish them a guide by which they can determine from the evidence whether or not the party sought to be charged has done or failed to do the things which by law create liability. The term 'all possible care' might be understood by one man to mean all that the party could foresee, while it might mean to another all that might have been done as viewed after the occurrence. Besides, the law does not require everything to be done which might be foreseen, but only such as might appear to be necessary, having that care for the safety of the passengers that a very prudent man would have, and to exercise that high degree of care

that such man would exercise under the same circumstances."

And expressly approves the holding in the Halloren Case, giving the above excerpt from that case. Under the circumstances the expression of the rule of liability, as given in the trial court's charge above quoted, wherein the carrier is required to "exercise the greatest degree of care which can be exercised under all the circumstances short of a warranty of its passengers" gives the jury no guide to determine the real degree of care required. The expression "short of a warranty" as given by the text-writers may be illuminative to a lawyer, but furnishes no actual information to a jury not capable of distinguishing between the use of the word warranty as it is applied in many ways, to many subjects, by our courts.

[2] The fact that the defendant did not request a special charge correctly setting forth its view of the rule of liability does not obviate the necessity for a correct charge, as the charge complained of is affirmatively erroneous.

We therefore recommend to the Supreme Court that the judgments of the Court of Civil Appeals and of the trial court be reversed, and this cause remanded for another trial.

CURETON, C. J.    The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.