MORGAN v. CITY NAT. BANK. (No. 2548.)*

(Court of Civil Appeals of Texas. Amarillo. Nov. 11, 1925. Rehearing Denied Dec. 2, 1925.)

1. **Banks and banking** &#8258;227(3) — **Evidence held to support finding that bank, loaning customer's money, did not know of insolvency of borrower.**

Evidence *held* sufficient to support finding that, at time bank loaned money for customer, it had no knowledge that borrower was insolvent, so as to give customer any rights against bank.

2. **Appeal and error** &#8258;215(1), 742(5)—**Proposition complaining of special charge overruled, as not properly presented.**

Where no exception is saved to special instruction, and where appellant's proposition complaining thereof does not identify it, or refer to assignment on which it is based, proposition will be overruled, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 2061.

Appeal from District Court, Collingsworth County; Reese Tatum, Judge.

Action by G. R. Morgan against the City National Bank. Judgment for defendant, and plaintiff appeals. Affirmed.

E. E. Diggs, of Childress, and Cocke & Gribble, of Wellington, for appellant.

R. H. Templeton and C. C. Small, both of Wellington, and J. T. Montgomery, of Wichita Falls, for appellee.

RANDOLPH, J. This is the second appeal in this case. The opinion on the first appeal will be found in 258 S. W. 572. On the first appeal, appellant in this appeal was appellee in that appeal; the positions being reversed here. Judge Boyce, in considering the case on such former appeal, has made a very clear statement of the case, and we will not attempt to again make a general statement.

Appellant's first proposition is as follows:

"Where a bank agrees that, if another person will become its customer and keep a liberal deposit in said bank, it will loan out his money for him, and said bank, in violation of such agreement, negligently, or without requiring security, or for the purpose of itself receiving the money and applying same on the debt to it of the person borrowing, or if, knowing such borrower to be insolvent, loans such customer's money to him and it is thereby lost to the customer, the bank is liable to him for the money lost."

---

In the opinion on the former appeal, Judge Boyce held that such a contract as herein alleged between the appellant and appellee's cashier, Koger, was ultra vires, but in the matter of the alleged fraud in the appropriation charged, in which the bank was alleged to have received the benefit of appellant's money, he says:

"But we do believe that the bank, on the case made by plaintiff's pleading, might be held liable, independent of any liability on the contract properly speaking, for its fraudulent dealing with plaintiff's funds intrusted to it."

This was an abstract proposition based on the plaintiff's pleading, and was not intended as an adjudication of plaintiff's and defendant's rights under the evidence in the case. It was, of course, only intended as a guide to the trial court in his submission of the case, on retrial, to the jury.

The trial court, among other instructions given the jury, gave the following in his general charge:

"If you find from the evidence that Earl L. Koger, defendant's cashier, loaned $3,000 of plaintiff's money to J. L. Brooks, and you further find that an ordinarily prudent person would not have made such loan without having the said J. L. Brooks to have secured said loan in addition to his individual responsibility, or if you find from the evidence that defendant's cashier, E. L. Koger, loaned $3,000 of plaintiff's money to J. L. Brooks, and you further find at the date and time he made said loan that the said J. L. Brooks was insolvent, and you further find that the defendant's cashier, Earl L. Koger, at the time he made the said loan to the said Brooks, knew that the said Brooks was insolvent, or if you find that the said Brooks was owing defendant bank at the time said loan was made to him, and you further find that the money so loaned to J. L. Brooks was applied by the defendant to the payment of the indebtedness of the said J. L. Brooks to the defendant bank, and that said loan was made by the said Earl L. Koger, the defendant's cashier, for that purpose, then you will find in favor of the plaintiff for the sum of $3,000, with 6 per cent. interest thereon from January 1, 1922."

The jury found a general verdict for the defendant, and by their verdict negative every proposition of liability on the part of the defendant, and such verdict is an implied answer to each issue submitted in such general charge. McBride v. Hodges (Tex. Civ. App.) 200 S. W. 877; Gammage v. Gamer Co. (Tex. Com. App.) 209 S. W. 389; Texas Electric Ry. v. Scott (Tex. Civ. App.) 220 S. W. 1112.

[1] We do not think any material purpose can be served by any attempt to state the evidence, for the purpose of showing that the jury had evidence upon which it could find the verdict it did find. It is sufficient to say that the evidence shows that J. L. Brooks was a grain and feed dealer; that he did a large business for a town the size of Wellington; that his credit at the bank was good; that in the course of his business he had overdrafts to the amount of thousands of dollars; that at the time he borrowed plaintiff's money he had an overdraft for near $2,000; that this overdraft was overcome time and again by deposits made by him; that the bank continued to loan him money by means of overdrafts for more than a year after the date of the loan of plaintiff's money, and exhibited continued confidence in him by their own dealings with him. It also appears that the plaintiff became aware of this loan shortly after it was made, and that he never protested against the loan until the final bankruptcy of Brooks. It has therefore, in our opinion, not been made clear by any means that Brooks at the time of the loan was insolvent, and it is not made clear by any means that the bank had any notice of such insolvency, if he was insolvent.

The appellant, under his second proposition, challenges as error the giving of the following special charges requested by defendant:

"You are charged that an agent is a person who acts for or represents another by his authority. Bearing in mind the foregoing definition, if you find and believe from the evidence that Earl L. Koger acted as the agent for G. R. Morgan in making the loan of his money to J. L. Brooks under his instructions, you will find for the defendant bank."

[2] The appellant reserved no exception to this charge at the time it was given, but it was presented in his motion for new trial filed in the trial court, and is here presented only in his argument under his second proposition. In the proposition itself the charge complained of is not identified in any manner and the assignment upon which it is based is not referred to. Because the proposition does not refer to and identify the special charge complained of, and for the further reason that the special instruction was not excepted to prior to its submission to the jury, in writing, we overrule said second proposition. Gulf, T. & W. Ry. Co. v. Dickey, 108 Tex. 126, 187 S. W. 184, 188; Gulf, Colorado & Santa Fé Ry. Co. v. Conley (Tex. Com. App.) 252 S. W. 737; Id., 113 Tex. 472, 260 S. W. 561, 32 A. L. R. 1183.

In the Dickey Case, supra, Chief Justice Phillips holds that article 2061, Texas Revised Civil Statutes, as amended (Vernon's Sayles' Ann. Civ. St. 1914, art. 2061), requires a bill of exception to be taken to the giving or refusing of a special instruction in order to have a revision of the court's action on appeal.

We think that the third proposition is also met by our decision of the question presented in the first proposition, and, overruling the three propositions, we affirm the judgment of the trial court.