**WEST v. RICHARDS et al.　(No. 2752.)**

(Court of Civil Appeals of Texas. Amarillo. Jan. 26, 1927. Rehearing Denied March 2, 1927.)

1. **Appeal and error** ☞216(2)—Error could not be predicated on obscure charge, where no clarifying special charge was tendered.

On appeal by broker from judgment denying recovery of commissions for exchange of property, error could not be predicated on submission of charge defining term "procuring cause" in a somewhat obscure manner, but without affirmative error, where plaintiff excepted, but failed to tender a special charge clarifying the definition.

2. **Brokers** ☞88(1)—Defendants' plea in action for commissions held to justify submission of issue of fair opportunity and abandonment of trade by plaintiff.

In broker's action for commission for exchange of property, plea that plaintiff's efforts were unsuccessful and that deal was consummated through another agency, being tantamount to charge of abandonment of trade by plaintiff, justified submission of issue whether plaintiff had fair opportunity without fault of defendants to secure the trade and whether plaintiff had abandoned his efforts.

3. **Appeal and error** ☞264—Answers of jury cannot be inquired into, in absence of exception thereto.

The findings of the jury in action for broker's commissions could not be inquired into on appeal, in absence of exception to the answers.

Appeal from Lubbock County Court; Chas. Nordyke, Judge.

Suit by W. F. West against H. V. Richards and another. From an adverse judgment, plaintiff appeals. Affirmed.

Lockhart & Garrard, of Lubbock, for appellant.

---

Wilson & Randal and J. I. Kilpatrick, all of Lubbock, for appellees.

RANDOLPH, J. This suit was brought by appellant in the county court of Lubbock county for a commission alleged to be due him for services rendered in the exchange of certain property belonging to appellees for property of one Vaught. The case was submitted to a jury upon special issues, and, on their answers to such issues, the trial court rendered judgment that the plaintiff take nothing by his suit. The plaintiff has therefore appealed to this court.

The plaintiff's petition alleged his employment by defendants to sell or exchange their property, and that they promised him compensation of 5 per cent. on the sale price thereof, or 2½ per cent. on an exchange price for other property; that the plaintiff produced a party who had land, and who desired to trade same for the defendants' property; that the parties finally consummated a trade whereby the defendants transferred their property to such other party, receiving in exchange the other party's land, whereby this plaintiff was entitled to his commission.

Defendants' answer consisted of a general demurrer, general denial, and a special answer to the merits.

Appellant attacks the court's submission of issue No. 1, which is as follows:

"Was the plaintiff, West, the procuring cause of the exchange of properties between the parties to the deal? Answer 'Yes' or 'No.'

"For your instruction I will define the term 'procuring cause.' By the term 'procuring cause' is meant the acts or efforts that caused the thing to happen that did happen; acts or efforts that originated moving forces, and kept those moving forces in operation continuously and without cessation from their origination until the final act was done that consummated the purpose or thing which was set out to be done."

[1] This charge is somewhat obscure, but contains no element of affirmative error. Hence, in addition to the exception reserved by plaintiff, it devolved upon him to tender a special charge clarifying the definition. G. C. & S. F. Ry. Co. v. Conley (Tex. Com. App.) 252 S. W. 737, 738; Id., 113 Tex. 473, 481, 260 S. W. 561, 32 A. L. R. 1183. The plaintiff not having tendered such special charge, and the charge in itself not presenting affirmative error, this objection is overruled. Clearly, the issue submitted was not on the weight of the evidence.

[2] The defendants pleaded that the plaintiff's efforts to arrange a trade between the parties, after a fair opportunity, and without any fault of defendants, came to naught, and were of no force and effect, and were no longer considered by either of said parties, and said deal was terminated; and afterwards, through the efforts of another land agency, by direct and independent negotiations, said properties were exchanged. This is tantamount to a charge that the plaintiff had abandoned his attempt to make the trade, and this allegation and the evidence submitted thereunder justified the trial court's submission of the issue wherein the jury are asked if the plaintiff had a fair opportunity, without fault of the defendants, to secure such trade of properties, and also the issue as to whether or not the plaintiff had abandoned his efforts to bring about a trade.

[3] There is no exception to the answers of the jury; hence their findings cannot be inquired into.

We have considered each proposition and assignment presented by appellant, and, finding no reversible error, we affirm the judgment of the trial court.

HALL, C. J., not sitting.