## WEST v. RICHARDS et al.   (No. 988–4848.)

Commission of Appeals of Texas, Section A.
Oct. 12, 1927.

**1. Appeal and error ⬥216(2)—Error could be predicated on charge giving affirmative misinterpretation of law defining "procuring cause," though no special clarifying charge was tendered.**

On appeal by broker from judgment denying recovery of commissions for exchange of property, error could be predicated on submission of charge defining term "procuring cause," which gave an affirmative misinterpretation of the law where plaintiff excepted, but did not tender a special charge clarifying such definition.

**2. Brokers ⬥88(10)—Charge defining procuring cause held affirmative error as requiring finding plaintiff's acts and efforts alone procured exchange.**

In action to recover a broker's commission for exchange of lands, charge defining procuring cause to mean acts or efforts that caused the thing to happen that did happen, acts or efforts that originated moving forces and kept them in operation, continuously without cessation from origination until final act was consummated, *held* affirmative misinterpretation of the law as requiring finding that plaintiff's acts and efforts alone was condition precedent to his right to recover.

**3. Appeal and error ⬥1138—Supreme Court will not reverse judgment of Court of Civil Appeals, for error, where appellant would not be entitled to recover in view of jury's findings.**

On appeal by broker from judgment denying recovery of commissions for exchange of property, notwithstanding error in charge defining "procuring cause" affirmatively misinterpreting law thereof, the Supreme Court will not reverse judgment of the Court of Civil Appeals affirming judgment of the trial court,

where jury found that broker had abandoned his contract, which would constitute a defense to claim for commissions.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by W. F. West against H. V. Richards and another. Judgment for defendants was affirmed by the Court of Civil Appeals (291 S. W. 614), and plaintiff brings error. Judgments of the Court of Civil Appeals and the district court affirmed.

Lockhart & Garrard, of Lubbock, for plaintiff in error.

Wilson & Randal and J. I. Kilpatrick, all of Lubbock, for defendants in error.

NICKELS, J. West sued upon a broker's contract for a commission equal to 2½ per cent. of the value of certain property listed for exchange; a contract and an exchange of the property was admitted by defendants, as was the fact that the exchange was made with a person first interested in the matter by West's efforts. The defense was that under the contract West was not to have a commission unless he consummated the trade and that the negotiations started by him failed and the contract was wholly abandoned, negotiations between defendants and the original prospective trader being re-opened, advanced and merged into a completed exchange through efforts of different brokers and wholly independent of West.

There is evidence tending to sustain either version.

Special issue No. 1 was thus framed by the judge and submitted to the jury:

"Was the plaintiff, [W. F.] West, the procuring cause of the exchange of properties between the parties to the deal? Answer 'Yes' or 'No.' For your instruction" and information, "I will define the term 'procuring cause.' By the term 'procuring cause' is meant the acts or efforts that caused the thing to happen that did happen; acts or efforts that originated moving forces, and kept those moving forces in operation continuously and without cessation from their origination until the final act was done that consummated the purpose or thing which was set out to be done."

Seasonably, West objected and reserved exceptions that "said definition of procuring cause puts a greater burden on the plaintiff than the law requires and * * * is not such definition as is correct under the facts in this case," etc. Assignments based upon the objections were given disposition by the Court of Civil Appeals in an opinion in which it is said (291 S. W. 614):

"This charge is somewhat obscure, but contains no element of affirmative error. Hence, in addition to the exception reserved by plaintiff, it devolved upon him to tender a special charge clarifying the definition. G. C. & S. F. Ry. Co. v. Conley (Tex. Com. App.) 252 S. W. 737, 738; Id., 113 Tex. 473, 481, 260 S. W.

298 S.W.—34

561, 32 A. L. R. 1183. The plaintiff not having tendered such special charge, and the charge in itself not presenting affirmative error, this objection is overruled."

Writ of error was allowed upon presentment of conflict between that ruling and the holdings in other cases by the Supreme Court and by other Courts of Civil Appeals and upon assignment that the alleged error is reviewable on appeal despite lack of tender of a special charge.

[1, 2] The issue itself, as framed, related to West as "the procuring cause," and the first clause of the definition informed the jury that a belief that his "acts or efforts" alone caused the exchange to be made finally was a condition precedent to an affirmative answer, for if other "acts or efforts" contributed something to the result, West's "acts or efforts" did not cause "the thing to happen that did happen"; the latter only helped. We are not speaking of possible meanings attributable to the words by those skilled in technical refinements, but of the meaning the words were likely to carry to a juror apt to regard language as expressive rather than as obscurant of thought. The second clause of the definition does but put much emphasis on that meaning of the first. And that contributing or concurrent "acts or efforts," as distinguishable from sole "acts or efforts," might be a sufficient "procuring cause" to entitle a broker to his commission is made plain in the cases. Vide, Goodwin v. Gunter, 109 Tex. 56, 185 S. W. 295, 195 S. W. 848; Hancock v. Stacy, 103 Tex. 219, 125 S. W. 884; Trinity Gravel Co. v. Cranke (Tex. Com. App.) 282 S. W. 798; Keener v. Cleveland (Tex. Com. App.) 250 S. W. 151; Buck v. Woodson (Tex. Civ. App.) 209 S. W. 244; Masters v. Hunt (Tex. Civ. App.) 197 S. W. 219; 4 R. C. L. 319. The charge, then, has a vice which struck deeper than "obscurity"; in view of the issues made in pleading and proof, it gave an affirmative misinterpretation of the law. We do not regard G. C. & S. F. Ry. Co. v. Conley (Tex. Com. App.) 252 S. W. 737, 738; Id., 113 Tex. 473, 260 S. W. 561, 32 A. L. R. 1183, as support for the ruling to which they are cited, even if there was a mere error of omission; but since, as held, the error is positive, tender of a special charge was not, in any view, essential to preservation of the ground of review.

[3] At request of defendants this question was submitted:

"After the plaintiff had submitted to the defendants the proposition made by Vaught (West's prospect and defendants' vendee), did the plaintiff abandon his effort to bring about a trade between Vaught and the defendants?"

The jury answered, "Yes." There is evidence to present the issue of abandonment of the contract by West and of renegotiation independent of him, as alleged by defendants. No question about the form or substance of

this charge or about evidence to sustain the verdict was brought up in the petition for writ of error. If West did abandon the contract, his conduct would appear to be a complete defense to the claim. Goodwin v. Gunter, supra. In support of the judgment of the Court of Civil Appeals and in favor of the litigant prevailing there the condition thus shown must be given its legal effect (Holland v. Nimitz, 111 Tex. 419, 232 S. W. 298, 239 S. W. 185), the error previously mentioned notwithstanding.

Accordingly, we recommend affirmance of the judgment of the Court of Civil Appeals.

CURETON, C. J. Judgments of the Court of Civil Appeals and district court both affirmed, as recommended by the Commission of Appeals.