## COTTON v. LEECRAFT.

### No. 2611.

Court of Civil Appeals of Texas. El Paso. Dec. 24, 1931.

Rehearing Denied Jan. 14, 1932.

C. A. Teagle, of Houston, for appellant.

E. T. Chew and W. J. Howard, both of Houston, for appellee.

HIGGINS, J.

This is a suit by Leecraft, a real estate broker, against Mrs. Cotton, to recover a commission for effecting a ninety-nine year lease upon land in Houston, Tex., owned by Mrs. Cotton.

The defendant answered by general demurrer, general denial, and plea of the two years' statute of limitations (Rev. St. 1925, art. 5526). In avoidance of the plea of limitation the plaintiff pleaded the absence from the state of defendant during a portion of the time between the accrual of the cause of action and the filing of the suit.

Upon special issue findings, the plaintiff had judgment for $15,000, from which the defendant appeals.

Omitting the issues as to compensation and defendant's absence from the state, the issues submitted, and answers returned, read:

"1. Did Mrs. Almon Cotton employ the plaintiff to find a lessee for the property in question? Answer: She did.

"2. Did George Cotton, while purporting to act as the agent of Mrs. Cotton, employ the plaintiff to find a lessee for the property in question? Answer: He did.

"3. Were the efforts of the plaintiff solely or concurring with the efforts of O. A. Cotton the procuring cause of the leasing of defendant's property? Answer: They were."

"7. When the Wolfrom deal with Mrs. Cotton had been rejected, did the business relations between the plaintiff and defendant terminate? Answer: They did not."

George Cotton, referred to in the second issue, resides in Little Rock, Ark., and is a son of defendant. Another son is O. A. Cotton, who resides in New Orleans, La. The lease in question was made to the Gulf Building Company, a corporation controlled and represented by Jesse H. Jones.

It was the theory of the defense that plaintiff had no contract of employment; that the services rendered by him, if any, were those of a mere volunteer; and, further, that the leasing of the property was obtained by O. A. Cotton as defendant's agent and independent of any effort made by the plaintiff.

Various propositions question the sufficiency of the evidence to support the judgment. The

case must be reversed for the errors later indicated. In view of a retrial the evidence will not be discussed in detail. Suffice it to say that plaintiff's testimony shows a conversation with Mrs. Cotton in the Cotton Hotel in which she expressly authorized him to negotiate with Jones for a ninety-nine year lease upon the property and immediately thereafter he began negotiations to that end with F. J. Heyne, the representative of Jones, and with Jones himself; that Jones was interested in the property and desired to make the lease, but the details of the proposed lease had not been agreed upon. The undisputed testimony further shows that while plaintiff was thus negotiating with Heyne and Jones, the defendant's son, O. A. Cotton, came to Houston, at once commenced to negotiate as defendant's agent with Jones to lease the property for ninety-nine years, and they quickly reached an agreement. Plaintiff did not know of the negotiations between O. A. Cotton and Jones until shortly after the contract was executed.

In brief, the testimony shows a contract of employment; that plaintiff at once took the matter up with Jones and interested him in the prospective lease; that plaintiff was negotiating with Jones endeavoring to reach an agreement upon the terms of the lease, and while these negotiations were in progress, Mrs. Cotton, through O. A. Cotton, goes directly to Jones and consummates the lease.

The law is settled that under this state of facts the broker is entitled to his commission if his efforts were the procuring cause of the sale which is an issue of fact for the determination of the jury. See 7 Tex. Jur. p. 477, and cases cited in note 18.

But this same line of authority recognizes that if the efforts of the broker were ineffective and the owner later, by independent negotiation and effort, effects a sale, then the broker cannot be justly considered as the procuring cause of the sale and the owner incurs no liability to such broker. Goodwin v. Gunter, 109 Tex. 61, 185 S. W. 295, 195 S. W. 848. The testimony of Jones and Heyne shows that Jones had long been desirous of obtaining a lease on the property, and Jones' testimony further tends to support the theory that the lease was effected by O. A. Cotton entirely independent of any service rendered by the plaintiff. The court refused to submit an issue requested by defendant which reads: "Was or was not the lessee in question obtained by O. A. Cotton as agent for defendant independent of any effort made by the plaintiff herein?"

The defendant was entitled to a direct and concrete submission of her defensive theory for which reason the issue indicated should have been given. American, etc. v. Singleton (Tex. Com. App.) 24 S.W.(2d) 26; Ft. Worth & D. C. Railway v. Morrow (Tex. Civ. App.) 235 S. W. 664.

The evidence in support of such theory was admissible under the general denial, for it tended to show that plaintiff was not the procuring cause of the lease. Obets v. Maney (Tex. Civ. App.) 146 S. W. 351; Horton & Horton v. House (Tex. Com. App.) 29 S.W.(2d) 984.

For the same reasons, defendant's requested issue No. 15 should have been given. This issue affirmatively submits the defendant's theory that the plaintiff was a volunteer and acted without any promise from defendant to pay for his services.

Requested issues Nos. 3, 11, 12, and 18 were properly refused. They related to evidentiary matters, not necessarily controlling upon the ultimate issues of fact in the case.

Complaint is made of the submission of the second issue. The error in this respect is harmless in view of the first finding. But in view of retrial it may be said that the only contract whereby plaintiff was authorized to negotiate with Jones is that shown by plaintiff's testimony wherein he testifies to a conversation with Mrs. Cotton in the Cotton Hotel. George Cotton was present at that interview, but he did not undertake to act for his mother on that occasion, or any other, in connection with the lease to the Gulf Building Company. The issue should not have been submitted.

Complaint is made of the form of the third issue.

It is clear that plaintiff was not *solely* the procuring cause of the lease being effected. According to plaintiff's own testimony, his negotiations with Jones had not reached the point where Jones had agreed to lease the property upon the terms submitted, and as finally consummated it was upon different terms. The evidence plainly shows that O. A. Cotton effected the final agreement. The controlling issue of fact upon this phase of the case is whether the efforts of Leecraft, or of O. A. Cotton, was the procuring cause of the lease. Goodwin v. Gunter, supra; Keener v. Cleveland (Tex. Com. App.) 250 S. W. 151; West v. Richards (Tex. Com. App.) 298 S. W. 528.

The cases cited announce the rules governing upon the state of facts here presented.

Reversed and remanded.