### LAHMAN v. REED et al.
### No. 3758.

Court of Civil Appeals of Texas. Amarillo.
March 9, 1932.

Bean & Klett, of Lubbock, for appellant.

Loyd R. Kennedy, of Morton, for appellees.

RANDOLPH, J.

This suit was filed by appellees against appellant upon a contract for the grubbing, clearing, and breaking of certain land and for breach of the contract in refusing to permit the appellees to complete the breaking and grubbing of other land.

The case was tried before a jury on special issues submitted by the court and the jury returned answers favorable to appellees. Upon these issues and answers the trial court rendered judgment in favor of appellees and appeal has been taken from such judgment.

The appellant's first two propositions raise the question that since appellees' basic ground for recovery of damages was that appellant breached the contract of employment by wrongfully refusing to let appellees complete the job and by compelling them to quit and leave the premises, and since the trial court failed to submit to the jury, and the jury made no finding, that appellant breached the contract, there was no basis for ascertaining the amount of damages which appellees were entitled to recover.

Issues Nos. 1 and 2, submitted by the court to the jury, are as follows:

"Special Issue No. 1. Did the plaintiffs, Reeds, refuse to complete the grubbing and breaking of the land in accordance with the terms of the contract with the defendant Lahman?

"Special Issue No. 2. Did the plaintiffs, Reeds, after the defendant Lahman objected to the manner in which they were doing the work, voluntarily abandon the job of grubbing and breaking the land?"

These two issues were answered in the negative by the jury.

It is contended by appellees that these issues and the answers thereto are a substantial and effective submission of the issues as to which of the parties actually breached the contract, and that the jury's answers were conclusive upon the defendant.

■ Appellees' cause of action rests upon the charge that the appellant breached the contract and on that breach, as alleged, their cause of action rests. To sustain this cause of action, it should be found, not that the appellees did not refuse to complete the grubbing and breaking of the land, but that the appellant was the cause of their failure to do so. This would have been a proper issue to have submitted to the jury, but the appellees did not request such special issue and present same to the court for the court to give to the jury. The appellees' cause of action being based upon a breach of the contract, the court should have presented the issue to the jury to find whether or not the appellant caused the breach, and this would be true even if the appellant did not request such special issue affirmatively presenting the question to the jury. Gulf, C. & S. F. Ry. Co. v. Conley (Tex. Com. App.) 252 S. W. 737. This holding was with the express approval of the Supreme Court.

The appellant's third proposition is that since the verdict of the jury and judgment of the court giving appellees recovery of damages for $1,066.74, less credit of $660, were made up in part of $104.22, which was 50 cents per acre profit for the land not broken, and since the undisputed evidence shows that the breaking was done with tractors and plows and the depreciation and wear and tear of said machinery was not taken into consideration in arriving at the price that appellees would have made on the land not broken, said verdict and judgment were not supported by the evidence and therefore are erroneous. The question here presented is one of the measure of damages. The first and second propositions discussed above present "grounds of recovery" and the issue now being discussed, as stated, is a "measure of damages," which is only an issue. Bulin et al. v. Smith (Tex. Com. App.) 1 S.W.(2d) 591.

However, as the case will be reversed upon our holding on propositions 1 and 2, we will discuss this last proposition No. 3.

■ Ordinarily, where a contract has been executed and the work has been completed, the contract price is recoverable. But where a recovery is based upon a claim of profit, such profit must be clearly shown by the evidence. It is true that the testimony introduced by the appellees presented their defense to the jury and would have conflicted with the appellant's conclusions that there was wear and tear of the machinery shown by the evidence which should have been considered by the court.

The trial court submitted an issue in this language: "How much profit per acre would plaintiffs have derived on the land that they did not break and grub?" This was done without submitting to the jury the question as to how they should arrive at the profit.

■ It is well settled that loss of profit may properly be recovered in an action for breach of contract. 13 Tex. Jur. 199, § 102.

"A person who has been stopped in the course of performance of a contract by the default or direction of the other party to the agreement, is entitled to compensation for the loss which he has sustained." 13 Tex. Jur. 201, § 104.

In the case of Fox v. Elston, 33 S. W. 749, 750, the San Antonio Court of Civil Appeals held, in a case where a party brought suit to recover $240 actual damages and $250 exemplary damages for an alleged breach of contract: "The appellee was only entitled to what he could have made on the contract to haul appellant's cotton if he had been permitted to do the hauling. But he recovered the entire amount he could have received from appellant, without any deduction of what it would have cost him to do the work. This was contrary to the law given in charge and the evidence adduced on the trial. When this error was urged as a ground for a new trial, the motion therefor should have been granted."

■ On another trial the court should submit to the jury, as an issue for them to find, the profits which the appellees were entitled to, less wear and tear of the machinery used, if any.

For the reasons given in the discussion of appellant's first and second propositions, the judgment of the trial court is reversed, and the cause is remanded to that court for a new trial.