SOUTHERN PACIFIC COMPANY v. MRS. MARY WALTERS, ADMINISTRATRIX.

No. 2621. Decided April 28, 1920.

(221 S. W., 264.)

1.—Charge—Exception—Motion for New Trial.

In a case tried prior to the Act of March 29, 1913, Laws, 33d Leg., ch. 59, p. 113, error could be assigned on the refusal of a requested charge without reserving exception to such refusal or complaining thereof in a motion for a new trial. (P. 497).

2.—Peremptory Charge—Question of Law.

The refusal of a peremptory charge to find for defendant raised a question of law not within the final jurisdiction of the Court of Civil Appeals. (P. 497).

3.—Same—Question of Fact.

When there existed evidence sufficient to support a finding for plaintiff on the issue of negligence a peremptory charge to find for defendant was properly refused. (P. 497).

Error to the Court of Civil Appeals for the Eighth District, in an appeal from El Paso County.

Mrs. Walters sued the Southern Pacific Co., as administratrix of the estate of her husband, to recover damages for his death by defendant's negligence. She recovered judgment which was affirmed on defendant's appeal, 157 S. W., 753. The company thereupon obtained writ of error.

*Wm. F. Herrin, Baker, Botts, Parker & Garwood,* and *Beall & Kemp,* for plaintiff in error.—The ruling of the court in giving, refusing or qualifying instructions shall be regarded as excepted to in all cases; and it is not necessary to embrace in a motion for new trial any action or ruling of the trial court in giving or refusing a charge. Rev. Stats., 1911, arts. 2061, 2062; Western U. Tel. Co. v. Mitchell, 89 Texas, 441; Missouri K. & T. Ry. Co. v. Beasley, 106 Texas, 160; Clarendon Land I. A. Co. v. McClelland Bros., 86 Texas, 179.

The court withdrew from the jury any consideration of the allegations in plaintiff's petition as to deceased Walters being a passenger and instructed the jury that he was an employee. In the case of injury to an employee no presumption of negligence arises but plaintiff must allege and prove negligence. There was no evidence of negligence on the part of defendant company in this case. Bailey on Master and Servant, 414; Railway Co. v. Greenwood, 89 S. W., 810; Railway Co. v. Boon, 131 S. W., 616; Sorenson v. Paper Co., 14 N. W., 446; Sherman v. Lumber Co., 45 N. W., 1079; Payne v. Railway Co., 40 N. Y. Sup. Court, No. 8.

*H. M. Wurzbach,* and *Patterson, Wallace & Gordon,* for defendant in error.—The court did not err in refusing to give defendant's special charge No. 1 and in refusing to grant defendant's motion for a new trial, for the reason that the evidence justified the court in submitting to the jury the question of negligence and the proximate cause of the death of Dr. Walters. *On question of negligence:* Choate v. Railway Co., 91 Texas, 409; Railway Co. v. Wood, 63 S. W., 164. *Question on proximate cause of death:* Railway Co. v. Maxwell, 128 S. W., 164.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The plaintiff in error as the appellant in the Court of Civil Appeals presented an assignment of error—the fifth in the brief—on the trial court's refusal to give a special charge instructing a verdict in its behalf. While the error was complained of in the trial court in a motion for a new trial, the assignment contained no reference to the motion. For that reason the Court of Civil Appeals refused to consider the assignment, or any of the other assignments which also omitted any reference to the motion.

The case was tried and disposed of in the trial court when under the statute law the ruling of the court in the giving, refusing, or qualifying of instructions to the jury was to be regarded as excepted to in all cases, that is, before the passage of the Act of 1913 requiring that such rulings be specifically excepted to. Therefore, for the reasons stated in Western U. Tel. Co. v. Mitchell, 89 Texas, 441, and Missouri, K. & T. Ry. Co. of Texas v. Beasley, 106 Texas, 160, it was not necessary that the trial court's refusal of the special charge be complained of in the motion for a new trial. Since it was not necessary to make such complaint in the motion, it was not essential that the assignment of error in relation to the special charge refer to the motion.

While the assignment was entitled to consideration, the case should not be remanded for that purpose if the assignment is clearly without merit, and the question is one not exclusively within the jurisdiction of the Court of Civil Appeals. The special charge, the refusal of which is the subject of the assignment, asked that a verdict be directed because there was no evidence of negligence on the part of the defendant—the suit being one for damages for the death of the husband of the plaintiff from an injury claimed to have been caused by a sudden and negligent jerking of the train in which he was riding. The effect of the assignment was to ask the Court of Civil Appeals to render judgment if the assignment was sustained. This presented purely a question of law, not within the final jurisdiction of the Court of Civil Appeals. We have examined the record on the question. In our opinion there clearly was evidence warranting a jury finding of negligence in the handling of the train. The case was plainly one of fact.

The judgments of the Court of Civil Appeals and District Court are therefore affirmed.

*Affirmed.*