**HUDSON et al. v. ST. LOUIS SOUTHWEST-
ERN RY. CO. OF TEXAS. (No. 757–7620.)**

Commission of Appeals of Texas, Section B.
June 4, 1927.

1. **Appeal and error ⬦832(1)—Rehearing will
not be granted because opinion of Commis-
sion of Appeals was written by judge not
present at oral argument.**

Rehearing will not be granted because opin-
ion of Commission of Appeals was written by
judge who was not present, and did not sit with
commission, when case was submitted on oral
argument, since law contemplates, in all cases
referred to Commission of Appeals, that Su-
preme Court will decide case without hearing
oral arguments.

2. **Appeal and error ⬦1114—Supreme Court
need not remand case to appellate court for
failure to pass on assignments of error, but
may remand cause to trial court.**

Where Court of Civil Appeals, rendering
judgment for appellant therein, failed to pass on
certain assignments of error, Supreme Court
was not required to remand case to Court of
Civil Appeals, with direction to pass on such as-
signments, but may remand case to trial court.

3. **Trial ⬦194(1), 240—Requested special in-
structions, which were argumentative and on
weight of evidence, held properly refused.**

Refusal of requested special instructions,
which were argumentative and on weight of evi-
dence, held not error.

4. **Trial ⬦194(19)—Requested instruction to
find strike guard was not employee if not
under employer's control held properly re-
fused as on weight of evidence.**

In action for death of picket killed by state
ranger furnished railway during strike, request-
ed instruction that mere fact that railway paid
ranger would not render him employee of rail-
way, and to find ranger not an employee if rail-
way had no authority to control him in discharge
of his duties, held properly refused as on weight
of evidence; question whether he was employee
of railway being for jury under all circum-
stances.

5. **Trial ⬦253(4)—Instruction to find that
strike guard was not acting within scope of
employment if he shot picket who was on
public street held properly refused as ignoring
issue of whether acting in scope of employ-
ment.**

In action for death of picket killed by state
ranger furnished railway during strike, re-
quested instruction to find ranger was not acting
within scope of employment if he shot picket,
who was acting peacefully on public street, held
properly refused as ignoring issue whether
ranger was acting within scope of employment.

Error to Court of Civil Appeals of Sixth
Supreme Judicial District.

On motion for rehearing. Motion over-
ruled.

For former opinion, see 293 S. W. 811,
modifying 286 S. W. 766, which superseded
282 S. W. 257.

Cone Johnson and Edwards & Hughes, all
of Tyler, for plaintiffs in error.

E. B. Perkins, of Dallas, and Marsh &
McIlwaine, of Tyler, for defendant in error.

SPEER, J. [1] We are asked to grant a
rehearing herein because the opinion of the
Commission was written by a judge who was
not present and did not sit with the com-
mission when the case was submitted on oral
argument, the contention being that, while
there is no rule to that effect, nevertheless,
the opinion of a court should not be written
by a judge who was not present at the sub-
mission upon oral arguments. This com-
plaint involves a mild indictment of our sys-
tem, inasmuch as the law contemplates, in all
cases referred to the Commission of Appeals,
the Supreme Court will decide the case with-
out having heard the oral arguments. The
criticism of counsel may be a just one, but it
evidently is not a ground for rehearing. It
is wholly a matter for legislative considera-
tion. The question at last is whether or not
the court has erred in its holding.

[2] It is next complained that, since the
Court of Civil Appeals, having rendered the
judgment for the appellant, failed to pass
upon certain assignments of error, the Su-
preme Court should not remand the cause to
the trial court, but rather should remand it
to the Court of Civil Appeals, with directions
for that court to pass upon such assignments.
The rule is not as contended by defendant in
error. In Southern Pacific Co. v. Walters,
110 Tex. 496, 221 S. W. 264, Chief Justice
Phillips, speaking to this very question of
practice, said:

"While the assignment was entitled to con-
sideration [by the Court of Civil Appeals] the
case should not be remanded for that purpose
if the assignment is clearly without merit, and
the question is one not exclusively within the
jurisdiction of the Court of Civil Appeals."

And in Harris County v. Charlton, 112 Tex.
26, 243 S. W. 463, Justice Pierson said:

"Under our holding in the case of Holland v.
Nimitz et al., 111 Tex. 419, 239 S. W. 185,
* * * it is within our jurisdiction and be-
comes our duty to pass upon 'all questions of
law assigned in his petition by the losing party
in the Court of Civil Appeals,' and upon 'all
assignments of the prevailing party in the
Court of Civil Appeals presenting questions of
law, to ascertain what judgment ought to have
been rendered in that court.' 'The Supreme
Court will not refer assignments presenting
questions of law within its jurisdiction back to
the Court of Civil Appeals simply because such
court failed to determine same; but, in the in-
terest of speedier termination to litigation, the
Supreme Court will itself determine the as-
signments.' "

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[3, 4] The assignments referred to in the motion raise questions of law over which the Supreme Court has jurisdiction, but to our minds they are so plainly without merit that a remanding to the Court of Civil Appeals would in no event be justifiable. Each assignment complains of the refusal to give a special instruction, and each of them is subject to the objection that it is argumentative, and on the weight of the evidence. Question 1 submitted by the court is: "Was L. W. Pearce an employee of the defendant company on the occasion and at the time Hudson was killed?",while question 2 is: "Was L. W. Pearce, on the occasion and at the time he killed Clayton Hudson, acting within the scope of his employment by defendant company?" The following requested instruction is typical of the others requested, to wit:

"You are charged in connection with question No. 1 that the evidence in this case shows that Pearce was a ranger at and prior to the·time he killed Hudson; and the mere fact that the defendant·paid him for his services as such would not render him an agent or employee of defendant; and, if you believe from the evidence that Pearce was subject alone to the orders or directions of Captain Brady, and that defendant company had no authority to direct or control him in the discharge of his duties, you will answer said question 'No.'"

The.fact, which is undisputed, that Pearce was a ranger at the time he killed Hudson, and which fact we have held to be of no controlling importance in the case, is here stressed as of special importance, and it is declared that the fact that defendant paid him for his services did not render him an agent or employee of defendant, while clearly the jury might find under all the circumstances that such fact would render him an employee of the defendant. The instruction clearly is on the weight of the evidence, and it and the other similar instructions were therefore properly refused.

[5] The requested instruction bearing upon question No. 2 was as follows:

"You are instructed in connection with question No. 2, submitted to you by the court, that, if you· believe from the evidence that at the time Pearce shot Hudson, the said Hudson was in a public street, and was making no effort to trespass on the property of defendant, and was not interfering, or attempting to interfere, with any of defendant's employees, and was sitting in a peaceful and quiet manner off the property of defendant, then it will be your duty to answer said question 'No.'"

This obviously could not have been given, as it affords no real instruction upon the issue of whether or not Pearce, on the occasion of the killing, was acting within the scope of his employment by defendant company. The facts recited in the instruction did not show that he was not. It is merely another way of stating the oft-repeated prop-osition of defendant in error that before it would be liable Pearce must be shown to have killed Hudson under the authority of defendant in error. It wholly ignores the issue actually submitted in question No. 2; that is, whether or not he was acting within the scope of his employment. It is tantamount to a summary instruction upon this issue. Assignments of error Nos. 8, 9, 10, and 11 present no error, and no useful purpose could be subserved in remanding the cause to the Court of Civil Appeals to have that court consider them. In fact, such course would be misleading, as indicating to that court that it might, on considering, sustain them.

The motion for rehearing should be overruled.