**POWERS v. SUNYLAN CO. et al.**

Motion No. 9061; 1145—5439.

Commission of Appeals of Texas, Section B.

April 30, 1930.

For former opinion, see 25 S.W.(2d) 808, which reversed 14 S.W.(2d) 894.

Johnson & McConnell, of Houston, for plaintiff in error.

Niday & Carothers, of Houston, for defendants in error.

RYAN, J.

The honorable Court of Civil Appeals, in reversing the judgment of the trial court, did not find it necessary to pass upon an assignment of error urged by defendants in error, who were appellants in that court, and defendants in the trial court, complaining of the trial court's refusal to submit to the jury the following requested issue: "Do you or not believe from the evidence that the plaintiff R. E. Powers ceased making the monthly payments on the contract sued on herein because of his financial inability to continue such payments? Let your answer be 'Yes' or 'No' as you may find the facts to be."

Having reversed the judgment of the Court of Civil Appeals, and affirmed that of the trial court, without any consideration of that assignment, we are now requested by defendants in error to pass upon it, as they are in the attitude of seeking a reversal of the trial court's judgment on the issue of voluntary abandonment of the contract by plaintiff in error, claimed to have been pleaded in bar in their answer, as follows: "The plaintiff made his monthly payments on said contract, to the Houston National Bank, as therein provided, until January 19, 1927, when he made his last payment of $39.50 and thereafter, without justification and without material or substantial fault on defendants' part, and in violation of his contract, ceased to make said payments to said bank and abandoned his said contract, wherefore he is not entitled to recover herein."

Defendants in error supported their theory of plaintiff in error's abandonment by the testimony of two witnesses (one a defendant in the case) to the effect that plaintiff in error stated to them that he was financially unable to continue the monthly payments—though they could not fix the exact dates when such statements, if any, were so made to them. Plaintiff in error

denied making any such statements, and insisted that he ceased payments because he saw that the improvements provided for in the contract were not being made as agreed, and unsuccessfully demanded return of the m'oneys paid by him, after which he filed this suit.

It is uncontroverted, however, that he continued making his payments, the last on January 19, 1927, after defendants in error had failed to carry out the contract by not widening Sunnyland street and beginning the other improvements in question, on or before September 1, 1926, and prosecuting such work with all due diligence and dispatch.

Whether, under the circumstances, such specially requested issue should have been submitted to the jury (conceding to defendants in error the full force and effect of such testimony, and discarding that of plaintiff in error contradictory thereof) as necessary to the correct disposition of the case becomes, therefore, a question of law properly determinable here, and need not be remanded to the Court of Civil Appeals. Holland v. Nimitz, 111 Tex. 419, 232 S. W. 298, 239 S. W. 185; Harris County v. Charlton, 112 Tex. 26, 243 S. W. 460, 245 S. W. 644; Southern Pacific Co. v. Walters, 110 Tex. 496, 221 S. W. 264.

If we view only the testimony in favor of defendants in error on this issue, giving it full credit, and indulging in every conclusion in its favor, it proves only that plaintiff in error intended to cease making his payments because of financial inability to meet them and abandon the contract, at some future time. As above stated, the evidence is uncontroverted that, after the defendants in error had failed in the performance of their part of the contract on or before September 1, 1926, plaintiff in error continued paying the monthly installments specified in the contract up to and on January 19, 1927. This being true, the intention or threat to quit at some future time did not constitute a present breach of the contract.

As said by Judge Brown in Kilgore v. Northwest Texas Baptist Educational Association, 90 Tex. 139, 37 S. W. 598, 601: "When the promissor is in good faith actively engaged in the performance of a contract, a declared intention to abandon it at some future time, however positively made, could not operate to terminate it, because he at the same time would by his act of performance be in a more emphatic manner affirming the existence of the contract and maintaining the terms thereof."

In Hardeman-King Lumber Co. v. Hampton Bros., 104 Tex. 586, 142 S. W. 867, Judge Brown cited with approval his opinion in

Kilgore v. Baptist Educational Association, supra, and declares the doctrine that the intention or threat to quit did not constitute a breach of the contract, where the evidence was uncontradicted that the party having such intention or making such threat was then performing his part of the contract.

Mr. Elliott, in his work on Contracts (vol. 3, § 2032), adopts this view of the law, and cites Judge Brown's opinion in support thereof.

We therefore conclude that Powers did not abandon the contract, but it was antecedently breached by the defendants in error, and the district court did not err in refusing to submit the special issue in question. 3 Tex. Jur. § 285.

We have again carefully considered the entire record in this case, as well as our main opinion, which we adhere to, and therefore recommend that the motion for rehearing be overruled.